389 So.2d 336 (1980)
W.T. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-498.
District Court of Appeal of Florida, Fourth District.
October 22, 1980.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendant appeals his judgment and sentence on two counts of aggravated assault and one count of possession of a firearm by a convicted felon. We affirm.
We quote the factual statement in full from the defendant's brief before this court:
Robert Sandifer and Richard Raymer were on patrol for the Ft. Pierce Police Department at about 3:00 a.m. when Sandifer saw Appellant walking down the street. The officers were looking for Appellant, whom Sandifer had known previously in Mississippi. They slowed the patrol car down and went alongside Appellant for about thirty (30) feet.
Finally they stopped the car and Sandifer got out. As Raymer was getting out, both men saw Appellant pull something from his waistband, duck behind a car, and fire several shots in their direction. The police ducked to avoid being shot. Appellant ran away.
Later that day, Sandifer and other officers went to a house, where Sandifer saw *337 Appellant sleeping with a gun in his waistband. He seized it. When Appellant was arrested and transported to the police station, he said, "the next time he shot a cop he better take better aim." At trial, however, he denied involvement. Over defense objection, the State was allowed to introduce evidence of the nature of Appellant's prior conviction and the sentence imposed.
The defendant raises two points before this court. Initially defendant contends the trial court should have entered a judgment of acquittal on the aggravated assault charge because the State failed to prove a well-founded fear of imminent bodily harm on the part of the victims. Defendant also asserts error in the admission into evidence of a copy of his prior felony judgment and sentence as proof of his status as a convicted felon.
As to Point I, we hold that a victim who sees another person in the act of shooting at him evidences a well-founded fear of imminent bodily harm when he ducks to avoid being shot. We would not bother to point out this rather obvious fact except for the frequency with which we seem faced with similar arguments. See McClain v. State, 383 So.2d 1146 (Fla.4th DCA 1980). Defendant's reliance upon Brewer v. State, 336 So.2d 695 (Fla. 4th DCA 1976), cert. denied 344 So.2d 323, 326 (Fla. 1977), is misplaced. Although Brewer involved a gun and an aggravated assault charge there is no indication in the Brewer opinion that the victim was aware the gun was being pointed at him. The evidence here was more than adequate to show anticipation or fear of injury on the part of the victim sufficient to sustain the charge of aggravated assault. A brave police officer who ducks to avoid being shot is nonetheless the victim of an aggravated assault even if he is not "afraid."
As to defendant's arguments regarding error in admission of a copy of his prior judgment and sentence we also affirm. Defendant was on trial for possession of a firearm by a convicted felon and his status as a convicted felon was a necessary element of the charge. The State attempted to prove his status by introducing a copy of his prior judgment and sentence. This document showed a conviction of breaking and entering a dwelling house with intent to commit grand larceny and a sentence of three years imprisonment. Defendant's objections to this document were overruled.
It is now asserted the document should have been excluded because defense counsel offered to stipulate defendant was a convicted felon. We find no error in the trial judge's failure to require the State to enter into this proposed stipulation. The State should not be forced into a stipulation designed to keep relevant but damaging evidence from coming before the jury. See Aldridge v. State, 351 So.2d 942 (Fla. 1977), cert. denied 439 U.S. 882, 99 S.Ct. 220, 58 L.Ed.2d 194 (1978), and Foster v. State, 369 So.2d 928 (Fla. 1979), cert. denied 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979). The State may introduce relevant evidence which is not unduly or unfairly prejudicial notwithstanding the defendant's offer to stipulate to a legal conclusion.
Defendant relies upon Fouts v. State, 374 So.2d 22 (Fla.2d DCA 1979) for reversal under this point. We have some difficulty in accepting the rationale of the Fouts decision. Therein the Second District Court of Appeal held it to be reversible error in an escape trial to allow the State to reveal to the jury the nature of the crime for which the defendant was serving a term of imprisonment at the time of his escape. Defendant now seeks to extend the Fouts rationale to cover the crime of possession of a firearm by a convicted felon. Fouts deals entirely with evidence of the nature of the offense for which defendant was incarcerated at the time of his escape. In the present case there was actually no objection to the portion of the judgment showing the nature of the defendant's prior felony conviction. Instead, defense counsel objected to the sentence and fingerprints of his client on the document itself.
We conclude that in a prosecution for possession of a firearm by a convicted felon *338 the State may introduce a certified copy of the defendant's prior Judgment and Sentence. This may be damaging to the defendant in the eyes of the jury but the introduction of this relevant evidence is not unfairly prejudicial nor erroneous. We note that Rule 3.986 of the Florida Rules of Criminal Procedure provides a standard form of "Judgment and Sentence" which is substantially similar to the Judgment and Sentence introduced into evidence in the instant case. We chose not to follow the rationale of Fouts v. State, supra.
The defendant has failed to demonstrate reversible error and his judgment and sentence below is hereby affirmed.
AFFIRMED.
LETTS, C.J., and WESSEL, JOHN D., Associate Judge, concur.