408 So.2d 1037 (1982)
W.T. PARKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 59947.
Supreme Court of Florida.
January 7, 1982.
*1038 Richard L. Jorandby, Public Defender and Charles D. Peters, Chief, Appellate Division, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Laura R. Morrison and Max Rudmann, Asst. Attys. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
On the basis of express conflict of decisions, Parker asks us to review a ruling of the Fourth District Court of Appeal, reported as Parker v. State, 389 So.2d 336 (Fla. 4th DCA 1980). We have jurisdiction[1] and approve Parker.
Parker was charged with two counts of aggravated assault and with one count of possession of a firearm by a convicted felon. In proving the possession charge the state introduced, over objection, a certified copy of a judgment and sentence[2] for breaking and entering with intent to commit grand larceny to establish Parker's prior conviction. Defense counsel had offered to stipulate to the previous conviction, but the state refused the offer.
The question before us is whether the state may refuse a defendant's offer to stipulate to a prior felony conviction and prove the conviction by the use of a certified copy of the judgment when the fact of the conviction is an essential element of the crime charged.
We previously held in Arrington v. State, 233 So.2d 634 (Fla. 1970), that the state is not bound by the defendant's offer to stipulate to essential elements of the crime, stating that exclusion of such relevant evidence is left to the discretion of the trial court based on traditional grounds. Section 790.23(1), Florida Statutes (1977), prohibiting the possession of a firearm by a convicted felon, makes a prior conviction an essential element of the crime. Therefore, proof of conviction is relevant evidence and is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence.[3]
In the present case the probative value of the evidence is not substantially outweighed by any of these considerations. The decision of the district court is approved. We disapprove Fouts v. State, 374 So.2d 22 (Fla. 2nd DCA 1979), to the extent it conflicts with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] Conflict with Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979). Art. V § 3(b)(3), Fla. Const.
[2] The certified copy was similar to the form set out in rule 3.986 of the Florida Rules of Criminal Procedure.
[3] §§ 90.402 and 90.403, Fla. Stat. (1979). Although not in effect at the time of Parker's trial, § 90.403 codified the then pre-existing case law governing the admissibility of evidence.