ON MOTION FOR REHEARING
PER CURIAM.
In our opinion in this cause filed January 6, 1982, we followed the ruling of the Second District Court of Appeal in Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), in ruling that the trial court erred in allowing evidence of the nature of appellant’s prior conviction for interfering with an officer with violence. On the day following release of our opinion (January 7,1982), the Florida Supreme Court released its opinion in Parker v. State, 408 So.2d 1037 (Fla.1982), disapproving Fouts to the extent that it conflicted with its opinion (in Parker) stating:
We previously held in Arrington v. State, 233 So.2d 634 (Fla.1970), that the state is not bound by the defendant’s offer to stipulate to essential elements of the crime, stating that exclusion of such relevant evidence is left to the discretion of the trial court based on traditional grounds. Section 790.23(1), Florida Statutes (1977), prohibiting the possession of a firearm by a convicted felon, makes a prior conviction an essential element of the crime. Therefore, proof of conviction is relevant, evidence and is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence.
The trial court apparently did not consider and we do not consider that the probative value of appellant’s prior conviction for interfering with an officer with violence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence in this case. We, therefore, vacate our previous ruling which reversed the trial court in part and remanded for a new trial and now affirm the conviction.
ROBERT P. SMITH, Jr., C.J., and McCORD and SHIVERS, JJ., concur.