492 So.2d 1051 (1986)
Macarthur WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67036.
Supreme Court of Florida.
June 26, 1986.
Rehearing Denied September 10, 1986.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Fourth Judicial Circuit, Jacksonville, for petitioner.
Jim Smith, Atty. Gen., and Lawrence A. Kaden and Kurt L. Barch, Asst. Attys. Gen., Tallahassee, for respondent.
ADKINS, Justice.
We have for review a decision by the First District Court of Appeal, Williams v. State, 468 So.2d 447 (Fla. 1st DCA 1985), affirming defendant's conviction of possession of a firearm by a convicted felon. In *1052 affirming defendant's conviction, the court certified to us the following question as one having great public importance:
Whether, in a prosecution for unlawful possession of a firearm by a convicted felon under section 790.23, Florida Statutes, the admission into evidence of more than one prior felony and the particulars of each such crime (none being related to the offense charged), for the purpose of proving that the defendant was a convicted felon, is so prejudicial to the defendant's right to a fair trial as to constitute reversible error?
Id. at 450. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In the case at bar the defendant has only one previous felony conviction. Therefore we restate the question to conform with the facts of this case:
Whether, in a prosecution for unlawful possession of a firearm by a convicted felon under section 790.23, Florida Statutes, prejudicial error results when the type of the prior conviction as well as the fact of such conviction is admitted into evidence in order to establish defendant's status as a convicted felon.
We answer the certified question in the negative in this instance because we find that the admission into evidence of defendant's prior conviction for armed robbery in a prosecution for possession of a firearm by a convicted felon is not unduly prejudicial under the test set forth in Parker v. State, 408 So.2d 1037 (Fla. 1982).
Two detectives, on special duty to investigate a series of robberies in a high crime area, stopped defendant after noticing him try to conceal a bulge under his clothing. The detectives approached the defendant and asked him for identification. Defendant responded by handing over his parole papers and explaining that he had just been released from prison where he was serving time for armed robbery. One of the detectives patted the bulge under defendant's shirt, felt something hard and removed a loaded pistol. Defendant was placed under arrest and charged with carrying a concealed weapon and possession of a firearm by a convicted felon. We are only concerned here with the possession charge. Defendant's motion to suppress the pistol, bullets and fingerprints on grounds that they were seized without a warrant or well founded suspicion was denied. Defendant's motion to prohibit the state from revealing the nature of his prior felony conviction, on grounds that it was unduly prejudicial, was also denied. In addition, the trial court denied defendant's motion for acquittal which claimed that the antique nature of the gun provided for an affirmative defense pursuant to section 790.23, Florida Statutes (1983).
The jury found the defendant guilty of possession of a firearm by a convicted felon. The First District Court of Appeal affirmed the trial court's denial of all three of defendant's motions.
At trial, the judge allowed the prosecutor to introduce the particulars of Williams' prior armed robbery conviction into evidence. The judge reasoned that such evidence is relevant to the prosecution of a defendant charged with possession of a firearm by a convicted felon. Defendant argues that the only material fact to the jury is the historical fact of the prior felony conviction and that the introduction of the particulars of the crime is prejudicial. To correct this alleged prejudice and preserve his presumption of innocence, defendant suggests that the trial court delete the nature of the prior conviction from the documents entered as evidence, or conduct a bifurcated hearing similar to those conducted in felony petit cases.
Defendant's position is similar to that of the defendant in Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), where Fouts argued that the nature of his prior conviction should be excised from the certified copy of the prior judgment which was admitted into evidence. The defendant in Fouts was charged with escaping from an institution. As an element of confinement, the state sought to enter into evidence the particulars of the crime of sexual battery for which defendant was confined. The district court held that reference to his prior *1053 criminal record was improper in a trial for escape. In so holding, the court relied on United States v. Spletzer, 535 F.2d 950 (5th Cir.1976), and found that though a conviction and confinement are elements of the same offense of escape, the nature of the underlying conviction was not relevant and was potentially prejudicial. The court held that the state should have followed the Spletzer excise procedure, and because the trial judge erred by failing to do so, granted Fouts a new trial.
Unfortunately for defendant, in Parker v. State, 408 So.2d 1037 (Fla. 1982), this Court explicitly rejected Fouts. Hence, we find Parker controlling. In Parker, we held that the state may introduce into evidence the particulars of a defendant's prior felony conviction for breaking and entering with intent to commit grand theft in a prosecution for possession of a firearm by a convicted felon. In so holding, we noted that the state may introduce the particulars of a prior conviction when the prior conviction is an essential element of the crime charged unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. Id. at 1038. We take this opportunity to note that the above standard also applies when the state seeks to introduce the particulars of more than one prior felony conviction.
Defendant in the case at bar is no more prejudiced by his prior conviction for armed robbery than defendant in Parker, whose prior conviction was for breaking and entering with intent to commit grand larceny. Thus, the trial court properly denied defendant's motion to suppress the particulars of his prior conviction. After all, defendant was on trial for possession of a firearm, not armed robbery.
Defendant argues that he was particularly prejudiced by the evidence of the nature of his prior conviction when entered in conjunction with the comments of the state made to the jury during opening statement. The state informed the jury that the area in which the defendant was stopped was a high crime area where armed robberies had occurred. Defendant claims that the combination of this evidence entered over objection, with his prior felony conviction of armed robbery, would cause the jury to speculate whether the defendant was carrying a firearm to commit an armed robbery. Jury speculation is an uncontrollable, inherent factor of every jury trial. The nature of defendant's prior conviction, even when combined with the reference by the state to the fact that armed robberies had occurred in the neighborhood, does not comprise such substantial prejudice as to vitiate the entire trial. State v. Murray, 443 So.2d 955 (Fla. 1984). This is not an occasion where the state is trying to introduce multiple convictions for the same crime as that charged to establish a pattern of criminal behavior. The trial court did not abuse its discretion by allowing the nature of defendant's prior felony conviction into evidence.
Defendant claims that the trial court erred in denying the motion for judgment of acquittal because defendant, through expert testimony, created a reasonable doubt as to whether the gun in question was an antique or a replica thereof. Defendant's contention is based on section 790.23, Florida Statutes (1983), which prohibits a convicted felon from possessing a firearm unless it is an antique or a replica thereof. The First District Court of Appeal properly affirmed the trial court's denial of defendant's motion for acquittal. Though petitioner presented a firearms expert who testified that he was reasonably certain the gun found on defendant was an antique, on cross-examination the expert admitted that the gun, with its plastic handles, could have been manufactured many years after it was patented. The expert testified further that the dates stamped on the barrel of the gun were the dates of its patents, not necessarily its manufacture. The ambiguity surrounding the date of manufacture of the gun left it a fact for jury determination. In the alternative, defendant focuses on the "or replica thereof" wording of the statute, claiming that the gun, if not an *1054 antique, was certainly a replica of an antique.
Williams would have us construe the antique "or replica" exceptions of section 790.23 in such a way as to condone the concealment, by a convicted felon, of a firearm which may possibly be a replica of an antique, but is obviously operable and loaded with live ammunition. We do not believe that the legislature, when enacting section 790.23, intended that a convicted felon could be acquitted when possessing a concealed, loaded weapon by using the excuse that the weapon is an antique or a replica thereof. This literal requirement of the statute exhalts form over substance to the detriment of public policy, and such a result is clearly absurd. It is a basic tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result. Woollard v. Lloyd's & Companies of Lloyds, 439 So.2d 217 (Fla. 1983); McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).
Defendant claims that the trial court erred in denying petitioner's motion to suppress because the detectives had no reasonable suspicion of criminal activity and no probable cause to believe defendant was armed, and therefore had no basis on which to stop and frisk him. We disagree. "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the street." Terry v. Ohio, 392 U.S. 1, 34, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); see also Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Where presented with a similar challenge in Lightbourne v. State, 438 So.2d 380 (Fla. 1983), given the fact that the initial inquiry by the detectives was justified, the ultimate pat-down was also justified where the officer had formulated reasonable grounds to believe that the defendant was armed and potentially dangerous. In the case at bar, the detectives observed a bulge under defendant's clothing while defendant was informing them he was on parole for armed robbery. Under such circumstances the officers had clearly formulated a reasonable suspicion to believe that Williams was armed and they acted prudently in removing the weapon. Accord Lightbourne. Therefore we hold that the gun, bullets and fingerprints resulting from the search were correctly admitted into evidence and the trial court did not err in denying defendant's motion to suppress this evidence.
Accordingly we approve the district court of appeal decision affirming the trial court.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs specially with an opinion, in which OVERTON, EHRLICH and BARKETT, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which EHRLICH, J., concurs.
SHAW, Justice, specially concurring.
In proving the prior conviction, the state introduced a copy of the information, a jury verdict form and the judgment and sentence. I agree that this evidence was permissible and not unduly prejudicial. Parker v. State, 408 So.2d 1037 (Fla. 1982). I do not agree, however, that Parker holds that the "particulars of a prior conviction" may be introduced, as the majority opinion states. The word "particulars" is far too expansive and could easily lead to the introduction of unduly prejudicial material which goes far beyond the state's burden to prove a prior conviction. In Parker, we approved the introduction of a certified copy of a judgment and sentence on a prior conviction similar to the form set out in Florida Rule of Criminal Procedure 3.986. I would limit the state to such non-inflammatory evidence as was introduced here and in Parker. So qualified, I concur with the majority decision.
OVERTON, EHRLICH and BARKETT, JJ., concur.
BARKETT, Justice, concurring specially.
I concur because I believe this case is controlled by Parker v. State, 408 So.2d 1037 (Fla. 1982). However, I do not see the *1055 need to admit into evidence the type of prior conviction in order to prove that the defendant was a convicted felon. In the absence of a dispute that the prior conviction was indeed a felony, such an admission can only prejudice the jury with absolutely no countervailing interest in its support.
EHRLICH, J., concurs.