HERSEY, Judge.
Tommy Sumpter appeals his conviction and sentence for possession of a firearm by a convicted felon. We find error and reverse.
Appellant Sumpter stipulated that he had been previously convicted of a felony, an element of the crime at issue here. See § 790.23(1), Fla.Stat. (1989). The state accepted the stipulation but nevertheless sought to introduce into evidence a certified copy of a conviction. The felony in question was identical to the one for which appellant was standing trial: possession of a firearm by a convicted felon. Appellant did not object to admission of this evidence. He did, however, object to the nature of the previous felony being revealed to the jury. He requested that the offending language be masked or “whited out.” This request was denied. That denial was error.
In Parker v. State, 408 So.2d 1037 (Fla. 1982), it was held that in the trial of a charge of possession of a firearm by a convicted felon “proof of conviction is relevant evidence and is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence.” Id. at 1038 (footnote omitted). See also § 90.403, Fla.Stat. (1989).
It is instructive to note that in Parker the state properly refused an offered defense stipulation that the accused had previously been convicted of a felony. In contrast, in the instant case, the stipulation was accepted by the state, yet it still insisted on placing before the jury evidence of the prior felony conviction, including revelation of the nature of the crime involved in that conviction.
In Williams v. State, 492 So.2d 1051 (Fla.1986), the court held that it was not error to introduce evidence of a prior conviction for robbery during a trial for possession of a firearm by a convicted felon. The court was careful to note, however, that: “After all, defendant was on trial for possession of a firearm, not armed robbery. ... This is not an occasion where the state is trying to introduce multiple convictions for the same crime as that charged to establish a pattern of criminal behavior.” Id. at 1053. This implied admonition was violated in the instant case.
There was no probative value in revealing to the jury the nature of appellant’s prior felony conviction. The prejudice to appellant’s position, however, is obvious. We do not find this error harmless, since the state’s case for possession consisted largely of circumstantial evidence aimed at demonstrating appellant’s constructive, rather than actual, possession. On these circumstances we reverse appellant’s conviction and remand for a new trial.
Our disposition of this point on appeal makes it unnecessary to consider the additional issues raised by appellant and renders any sentencing errors moot.
REVERSED AND REMANDED.
ANSTEAD, J., concurs.
LETTS, J., concurs in conclusion only.