THOMPSON, Judge.
Defendant Elfrey Ralf Calvo (Calvo) was tried and convicted as charged in a four count information. Calvo sought and received a bench trial. He now appeals the trial judge’s denial of his motion for judgment of acquittal and his subsequent conviction on count I, aggravated assault on a law enforcement officer with a deadly weapon.[1] We affirm the trial judge.
Calvo was charged by information with four counts[2] arising out of one incident on 10 May 1990 at the Channel 9 building in Orlando, Florida. Although the incident occurred in 1990, Calvo was not tried until 1992. The incident started when Calvo attempted to enter Channel 9, an Orange County television station, after hours. He came to the rear door and asked to be admitted. Officer Patrick Wise (Wise), an off duty Orlando police officer, opened the door and spoke to Calvo. At the time, Wise was in uniform and working as a security officer for the building. Calvo was carrying what appeared to be a bouquet of flowers wrapped in tissue paper. Wise testified that Calvo was carrying his package like you would carry a small child or like you would carry a long gun in the field if you were hunting. Calvo said he was with the CIA and flashed a badge for a short time and then put it away. When Wise asked to see the badge again, Calvo refused. Calvo then said he was an owner of the station and wanted to get in. When Wise refused to admit him to the building, Calvo pushed the package he was carrying into Wise’s midsection. Wise knew then that the package was not a bouquet of flowers, but some type of hard instrument. Wise pushed it away from his body. Calvo thrust it into Wise’s midsection again; holding the package like you would a rifle. Wise grabbed the object and a struggle ensued. Wise was able to pull the package from Calvo’s grasp and throw it behind him. Calvo tried to go after the package, but was subdued by Wise and others in the building. He was handcuffed by Wise. When Wise searched Calvo, he found five 12-gauge shotgun shells in his pocket. *839 When an on-duty Orlando police officer arrived to arrest Calvo, he inspected the package and found a 12-gauge sawed-off shotgun with five shells in the magazine and one in the chamber. Calvo was arrested.
Calvo does not contest his conviction on the other three charges. His sole contention on appeal is that Wise never testified directly that he had a well-founded fear that violence was imminent. Since there was no statement that Wise was in fear, Calvo argues, there can be no conviction for aggravated assault upon a law enforcement officer because the element of fear is missing. Von Deck v. State, 593 So.2d 1129 (Fla. 5th DCA), approved, 607 So.2d 1388 (Fla.1992). Calvo argues that there has to be something that creates fear in Wise’s mind. It could be threats to kill as in Croft v. State, 528 So.2d 1279 (Fla. 1st DCA 1988), or shots from an unseen firearm as in Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982), but there must be something.
We agree that there must be a showing of fear, however, a court may find that the victim was in fear without the victim testifying as to the victim’s own state of mind concerning fear. McClain v. State, 383 So.2d 1146 (Fla. 4th DCA), rev. denied, 392 So.2d 1376 (Fla.1980) (facts supported inference of fear where grocery store employees were pursuing the defendant, who had taken meat from their store, when he turned around and waved a knife at them without saying anything). The facts are compelling that Wise was in fear and that a reasonable person would have been in fear. Parker v. State, 389 So.2d 336 (Fla. 4th DCA 1980) (officers ducked to avoid being shot), approved, 408 So.2d 1037 (Fla.1982). Wise testified that Calvo claimed he was a CIA agent and that he had tried to force his way into the building. In the process of trying to gain entry, he forced his package twice into Wise’s midsection. When Wise felt the hard object and knew it was not a bouquet of flowers, he forced it to the side and ultimately forced it from the grasp of Calvo because he felt it was a weapon and Calvo was threatening his safety.
There is no requirement that the officer see the weapon before he feels that violence is imminent. All that is needed is proof that the circumstances were such as would allow a reasonable inference that Calvo was attempting to harm Wise. Since a motion for judgment of acquittal admits not only the facts in evidence, but all reasonable inferences in favor of the state, Proko v. State, 566 So.2d 918 (Fla. 5th DCA 1990), certainly the behavior of Calvo and the struggle that followed are sufficient reasons to support the denial of the motion for judgment of acquittal and the conviction for aggravated assault on a law enforcement officer with a deadly weapon.
.AFFIRMED.
GRIFFIN and DIAMANTIS, JJ., concur.

. §§ 784.021(1)(a) & 784.07(2)(c), Fla.Stat. (1989).

. The other counts were as follows: Count II, carrying a concealed firearm; Count III, battery on a law enforcement officer; and Count IV, possession of a short-barrelled shotgun.