PER CURIAM.
Appellant, Clarence Stephenson, was tried and convicted of the crime of possession of a firearm by a convicted felon. His defense was “necessity.” At trial, the state introduced certified copies of his four prior convictions as it was permitted to do under such cases as Parker v. State, 408 So.2d 1037 (Fla.1982), and Williams v. State, 492 So.2d 1051 (Fla.1986). In addition to introducing the certified copies, the prosecutor at various stages of the trial made several references to the crimes of which appellant had been convicted, and also referred to other criminal activity in which appellant had been involved.
We affirm appellant’s conviction because of the overwhelming evidence that he committed the crime alleged and that his defense was not a viable one. In doing so we approach the outer limits of the scope of the harmless error doctrine explained in State v. Diguilio, 491 So.2d 1129 (Fla.1986). There plainly was prosecutorial overkill in the state’s presentation in the trial court. In the next ease the result may well fail to convince us that there is no reasonable possibility that the errors contributed to the conviction. We write to caution against the unnecessary and inappropriate introduction into the trial process of inflammatory and prejudicial evidence and comments. Every accused is entitled to a fair trial. The burden is on the state to ensure fairness.
AFFIRMED.
ANSTEAD, HERSEY and STEVENSON, JJ., concur.