ORDER ON APPELLANT’S MOTION FOR REVIEW OF ORDER DENYING PETITION FOR INSOLVENCY

ZEHMER, Chief Judge.
Appellant, claimant in the workers’ compensation proceeding below, moves this court for review of the order of the Judge of Compensation Claims (JCC) which denied his petition to be certified as insolvent and relieved of costs of preparation of the record on appeal. Because we find appellant is insolvent, we grant the motion and quash the JCC’s order with directions.
Furtick was injured in 1985 and previously accepted as having sustained a compensable injury under Florida law. The employer/carrier (e/c) recently refused to pay for the services of a certain South Carolina chiropractor who was treating the claimant. Fur-tick filed a claim for benefits and the e/c moved to dismiss, contending that the issue was one of overutilization and that the Division of Workers’ Compensation, rather than the JCC, was the proper tribunal to resolve the dispute. After a hearing the JCC agreed with the position of the e/c and dismissed the claim and Furtick appealed to this court. The notice of appeal was filed on January 4, 1994.
Furtick filed a verified petition and was certified as indigent so as to be relieved of payment of the applicable filing fee in accordance with section 57.081(1), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.180(g)(1). Furtick was then notified that the cost of preparation of the record was $1,250 and he was directed to deposit that sum in accordance with rule 4.180(f)(2). He was advised of the alternative remedy of certification as insolvent in accordance with rule 4.180(g)(2). Furtick petitioned for insolvency and his verified petition showed a monthly income of $640 per month and expenses of $620 per month. He showed no liabilities and his only assets as $200 cash on hand and a 1964 pickup truck valued at $500. The e/c objected to the petition and pointed out that chapter 440 was recently amended to provide a definition of the term “insolvent” which, according to the e/c, the claimant did not meet. The JCC agreed with the position of the e/c and rejected the claimant’s argument that the statutory amendment could not be retroactively applied. According to the JCC, because the outcome of this case was a determination that the Division has jurisdiction, claimant could proceed administratively and therefore the appeal was optional and the cost of the record was not a “substantive benefit.”
In accordance with Florida Rule of Appellate Procedure 9.430 claimant moves this court for review of the JCC’s order. Appellant argues that prior to the 1994 statutory amendment, a claimant was entitled to obtain a record for purposes of appeal upon a showing of indigency, i.e., an inability to pay such costs. However, the 1994 amendment requires the claimant to be “insolvent” in the sense defined in the amended statute as an individual who “ceased to pay his debts in the ordinary course of business and cannot pay his debts as they become due” or “has been adjudicated insolvent pursuant to the Feder *125 al Bankruptcy Law.” Appellant argues that the 1994 amendment cannot be retroactively applied to his claim which arose out of a 1985 injury. See Sullivan v. Mayo, 121 So.2d 424 (Fla.1960). Both the e/c and the Division of Workers’ Compensation oppose this motion. It is argued that the 1994 change is procedural and can be applied to claims arising prior to the effective date of the statutory amendment. The Division further argues that the statutory amendments were an attempt by the legislature to codify and clarify the standards to be utilized in reviewing petitions to be relieved of costs of the record on appeal.
Chapter 93 — 415, § 2, Laws of Florida, amended section 440.02(81) to provide a definition of “insolvent” regarding a claimant seeking to be relieved of costs of the record. It defines “insolvent” as “a person ... who ... [h]as ceased to pay his debts in the ordinary course of business and cannot pay his debts as they become due; or ... [h]as been adjudicated insolvent pursuant to the Federal Bankruptcy Law.” Further, chapter 93-45, section 30 renumbered section 440.-25(4) to section 440.25(5), Florida Statutes, and amended subsection (b) to set forth in greater detail the information to be included in the claimant’s petition of insolvency and the procedures for disposing of the issue. These amendments were effective January 1, 1994.
We agree with the position of the Division that the statutory definition of “insolvent” was intended to codify the existing standard being applied to petitions to be relieved of costs of the record. We hold, however, that the circumstances shown by Furtick are legally sufficient to qualify him as “insolvent” under the prior and current law; so it is unnecessary to reach the question of the retroactive application of chapter 93 — 415, §§ 2 and 30. Although Furtick does not show that he has ceased to pay his debts or that he has been adjudicated bankrupt, it is clear from his sworn petition that unless he is relieved of the cost of the record he will be unable to pay his debts as they become due. In effect, Furtick will be compelled to choose between paying his monthly support expenses or abandoning his appeal. We are unwilling to accept the argument that the legislature intended such a harsh result. The determination of insolvency must be based on claimant’s financial condition after including the cost of the record as a liability. Unless the claimant’s financial condition is such that claimant can pay this additional liability as well as other expenses as they become due, the statutory definition of “insolvent” is satisfied; and the claimant should be certified as insolvent and relieved, either in whole or in part, of the cost of payment of the record on appeal. This statutory construction avoids the absurd result of forcing an appealing claimant like Furtick to forego paying current living expenses in order to prosecute his appeal. See Williams v. State, 492 So.2d 1051, 1054 (Fla.1986). Moreover, the law provides remedies for recouping the costs so advanced in some cases, so there is no compelling reason to give this statutory definition the construction urged by Appel-lees.
We also disagree with the conclusion of the JCC that the cost of the transcript is not a “substantive benefit.” Whether the order to be appealed is one within this court’s jurisdiction is the relevant consideration on the question of an appealing claimant’s entitlement to a record at no cost. The availability of the alternative administrative remedy does not control.
We hold that the claimant is “insolvent” under the legal standard described above, quash the order of the JCC sought to be reviewed, and remand with directions that an order be entered certifying claimant as insolvent.
ERVIN and SMITH, JJ., concur.