700 So.2d 447 (1997)
Terry Kenneth BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2587.
District Court of Appeal of Florida, Third District.
October 22, 1997.
Bennett H. Brummer, Public Defender, and Dorothy F. Easley, Special Assistant Public Defender, for appellant.
*448 Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
FLETCHER, Judge.
Terry Kenneth Brown appeals his conviction and sentence for possession of a firearm by a convicted felon, §§ 790.23, 775.084(4), Fla. Stat. (1995), contending, among other things, that his conviction should be reversed because the trial court permitted the State to introduce into evidence at trial certified copies of two prior convictions in order to prove the "convicted felon" element of the charge. Brown further contends, and the State agrees, that the sentencing guidelines scoresheet upon which he was sentenced contained improper points based on nolle prossed charges.
In light of clearly binding authority from the Florida Supreme Court addressing the precise issue raised by Brown regarding the admission of certified copies of prior convictions despite the defendant's offer to stipulate to his convicted felon status, Parker v. State, 408 So.2d 1037 (Fla.1982), we decline Brown's invitation to apply the recent United States Supreme Court opinion in Old Chief v. United States, 519 U.S. ___, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) to this case and thus decline to find an abuse of discretion in the trial court's admission of the convictions. In Old Chief, the United States Supreme Court was construing a federal statute and federal rule of evidence [18 U.S.C. § 922(g)(1); Fed. R.Evid. 403]; therefore, its conclusions are not binding on Florida courts construing, as here, our own state statutes and rules, particularly in light of binding Florida Supreme Court precedent directly on point. See State v. Barquet, 262 So.2d 431, 435-36 (Fla.1972); Briggs v. Salcines, 392 So.2d 263, 266 n. 2 (Fla. 2d DCA 1980). However, in order to facilitate further review by the Florida Supreme Court should it desire to revisit the Parker decision in light of the recent opinion in Old Chief, we certify the following question as a matter of great public importance:
SHOULD THE DECISION IN PARKER v. STATE, 408 So.2d 1037 (Fla.1982) BE OVERRULED IN FAVOR OF THE ANALYSIS OF THE EVIDENTIARY REQUIREMENTS FOR PROOF OF CONVICTED FELON STATUS IN FIREARM VIOLATION CASES ESTABLISHED FOR FEDERAL COURTS IN OLD CHIEF v. UNITED STATES, 519 U.S. ___, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?
With the exception of the guidelines scoresheet computation error conceded by the State, the remaining points raised by Brown are without merit. Therefore, we remand the case to the trial court to correct the guidelines scoresheet by deleting the 4.3 points improperly added based on the nolle prossed charges and to recalculate the total score to 49.8. Since Brown was sentenced as an habitual offender, this change will not require resentencing. In all other aspects of this appeal, we affirm.
Affirmed in part, remanded in part, question certified.