706 So.2d 94 (1998)
Ermon Lee LANE, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2325.
District Court of Appeal of Florida, Third District.
February 18, 1998.
Kenneth Wiseman, and John H. Lipinski, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before JORGENSON, FLETCHER and SHEVIN, JJ.
PER CURIAM.
Ermon Lee Lane appeals his conviction and sentence for unlawful possession of a *95 firearm by a convicted felon, sections 790.23, 775.084(4), Florida Statutes (1995). We affirm.
Lane's prior felony convictions were essential to prove the "convicted felon" element of this charge. The trial court properly admitted into evidence the certified copies of Lane's prior convictions for battery, escape, and attempted robbery.
Lane's offer to stipulate to his felony status is not reason to reverse this conviction. "[T]he state is not bound by the defendant's offer to stipulate to essential elements of the crime, stating the exclusion of such relevant evidence is left to the discretion of the trial court based on traditional grounds." Parker v. State, 408 So.2d 1037, 1038 (Fla. 1982). "Therefore, proof of conviction is relevant evidence and is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence." Id. at 1038. Lane argued that the introduction of his prior convictions, especially his prior conviction for escape, were unfairly prejudicial and would taint the juror's minds. However, the probative value regarding the evidence of Lane's prior felony convictions was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence.
We are aware of the recent United States Supreme Court opinion in Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), which held that a trial court abused its discretion when it spurned the defendant's offer to stipulate and instead admitted the defendant's prior felony conviction. However, Parker is the binding authority from the Florida Supreme Court which is directly on point. The United States Supreme Court construed federal law in Old Chief. Therefore, its conclusions are not binding on Florida courts when construing Florida statutes and rules.
As in Brown v. State, 700 So.2d 447 (Fla. 3d DCA 1997), we certify the same question as a matter of great public importance:
SHOULD THE DECISION IN PARKER V. STATE, 408 So.2d 1037 (Fla.1982), BE OVERRULED IN FAVOR OF THE ANALYSIS OF THE EVIDENTIARY REQUIREMENTS FOR PROOF OF CONVICTED FELON STATUS IN FIREARM VIOLATION CASES ESTABLISHED FOR FEDERAL COURTS IN OLD CHIEF V. UNITED STATES, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?