713 So.2d 1046 (1998)
Christopher QUINN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2040.
District Court of Appeal of Florida, Fifth District.
June 19, 1998.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
*1047 DAUKSCH, Judge.
Appellant, Christopher Quinn, appeals a judgment and sentence.
The facts in this case, as set forth in the trial court's order, are undisputed:
1. Defendant was originally arrested on the charges in 96-47-CF on January 25, 1996, and was released on bond. Defendant was then charged by Information with five counts of burglary, five counts of theft, and one count of criminal mischief. The information was filed on February 8, 1996. Defendant was also charged with violations of probation in cases 95-39-CF, 95-40-CF, and 95-41-CF.
2. Defendant failed to appear at arraignment on February 12, 1996, and a capias was issued.
3. It became apparent through the bond estreature proceeding that the Defendant had been incarcerated in California on burglary and forgery charges. Thereafter, the Citrus County Sheriff requested that the California authorities place a detainer on the Defendant for the pending charges in this case.
4. On September 30, 1996, the Defendant filed with the Court a demand for speedy trial under the Interstate Agreement on Detainers, Fla.Stat. § 941.25 (1995) (the IAD). A copy of the demand was sent to the State Attorney's Office on September 30, 1996. The IAD provides that, for participating states, whenever a defendant has entered upon a term of imprisonment in a correctional institution of a state, and there is pending in another state any untried information, indictment, or complaint on the basis of which a detainer has been lodged, "he shall be brought to trial within 180 days after he shall have caused to be delivered" a demand for speedy trial in the form required by the statute.
5. The Defendant was returned to the Citrus County Detention Facility on January 18, 1997. The Defendant has not yet been brought to trial in any of the aforementioned cases.
6. The Florida Supreme Court has specified the procedure for motions to dismiss or discharge under the IAD. In Vining v. State, 637 So.2d 921 (Fla.1994) cert denied 513 U.S. 1022, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994) the court ruled that it would not "grant greater dignity to the IAD's speedy trial time limit than to Florida's speedy trial rule which protects the constitutional right to a speedy trial enunciated in" the Florida Constitution. Therefore, this Court must follow the procedure in Fla.R.Crim.P. 3.191.
7. Pursuant to Rule 3.191(p)(3), this Court must determine if one of the reasons set forth in Rule 3.191(j) exists. If not, the Defendant must be brought to trial within 10 days.
8. This Court finds that the State did not show that any of the circumstances under Rule 3.191(j) exist. Therefore, the Defendant shall be brought to trial within the next 10 days. Trial is hereby set to begin on July 21, 1997, at 8:30 a.m., unless otherwise continued by the Court.
Appellant contends on appeal that the trial court erred by denying his motion for discharge and requiring that he be brought to trial within ten days as required by Florida Rule of Criminal Procedure 3.191(p)(3). He contends specifically that the court erred by failing to discharge him based upon the failure of appellee, state, to bring him to trial within the time periods set forth in sections 941.45(3)(a) & (4)(c), Florida Statutes (1995), otherwise known as the Interstate Agreement on Detainers (IAD), which provides in pertinent part the following:
ARTICLE III
Request for Final Disposition
(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he or she shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate *1048 court of the prosecuting officer's jurisdiction written notice of the place of his or her imprisonment and the prisoner's request for a final disposition to be made of the indictment, information, or complaint; provided that, for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance....
* * * * * *
ARTICLE IV
Request for Custody or Availability
* * * * * *
(c) In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
Failure to comply with the foregoing time periods warrants a dismissal of the charges against a defendant with prejudice. § 941.45(5)(c), Fla. Stat. (1995). Instead of applying these time periods, the trial court ruled that appellant should be brought to trial within ten days as provided in rule 3.191(p)(3):
Rule 3.191. Speedy Trial
* * * * * *
(p) Remedy for Failure to Try Defendant within the Specified Time.
* * * * * *
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Subdivision (j) provides:
(j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under (I) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
If the court finds that discharge is not appropriate for reasons under (2), (3), or (4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.
The trial court relied upon the supreme court's decision in Vining v. State, 637 So.2d 921 (Fla.1994) as authority for applying the time periods set forth in rule 3.191(p)(3). In Vining, a case directly on point, the state accepted custody of John Vining under the IAD on July 21, 1989 pursuant to "`an inmate's request for disposition of a detainer.'" Id. at 924. On August 31, 1989, Vining arrived in Florida. On January 10, 1990, he filed a motion for discharge based upon the state's failure to comply with the speedy trial time set forth in the IAD. The trial court denied his motion. On January 12, 1990, the state filed a motion to extend the time for speedy trial. The trial court granted the motion on January 24, 1990. A trial was held on January 22, 1990. Vining appealed arguing that the trial court erred by denying his motion for discharge because he was not brought to trial within 120 days of the date of his arrival in Florida, as required by the IAD.
The supreme court disagreed finding that the trial court had properly applied the time *1049 periods in Florida Rule of Criminal Procedure 3.191 to deny Vining's motion for discharge and require him to go to trial. Relying upon its earlier decision in R.J.A. v. Foster, 603 So.2d 1167 (Fla.1992), the court held that violation of a time period established by a statute or rule is not "`per se prejudice but [rather] ... is "`a triggering mechanism'" which establishes that the delay is presumptively prejudicial.'" Vining, 637 So.2d at 925. The court explained that in R.J.A., it had determined that a statute which granted juveniles a ninety-day speedy trial period did not overrule a juvenile speedy trial rule which gave the state an additional ten-day time period to try cases which did not fall in the ninety-day period. It further reasoned:
Like the statutory provision at issue in R.J.A., the IAD grants prisoners subject to a detainer the right to trial within 120 days of arrival in Florida. This Court has previously stated that we will not grant greater dignity to the IAD's speedy trial time limit than to Florida's speedy trial rule which protects the constitutional right to a speedy trial enunciated in article I, section 16 of the Florida Constitution. Johnson v. State, 442 So.2d 193, 196 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984). Thus, in order to determine whether the trial court erred in denying Vining's motion to dismiss we must determine whether the procedures of Florida Rule of Criminal Procedure 3.191 (1984) were followed in this case.
Id. Finding that the trial court had properly applied the provisions of rule 3.191, the court affirmed the trial court's order denying Vining's motion for discharge.
Appellant contends that Vining is erroneous. Without citing any authority, he contends that the decision is violative of the Separation of Powers doctrine in the Constitution of the State of Florida and of the Compact and Due Process clauses in the Constitution of the United States. Relying upon section 918.015(2), Florida Statutes (1997), he contends that the supreme court is required to provide procedures assuring that the right to a speedy is realized. Appellant maintains that the supreme court does not have the authority to create procedural rules to implement the IAD's speedy trial right. Moreover, he distinguishes Vining on the ground that it is based upon a constitutional right to speedy trial whereas the IAD is based upon a contractual right to speedy trial, as agreed upon by the forty-six states, the District of Columbia and the United States government. Appellant concludes by asking this court to certify to the supreme court the question of whether Vining should be reconsidered.
We find that this appeal is without merit. The supreme court resolved the issue on appeal in Vining by holding that the statutory time-periods set forth in the IAD may be considered in conjunction with Florida Rule of Criminal Procedure 3.191. Under the doctrine of stare decisis, this court is bound by supreme court precedent. See Lane v. State, 706 So.2d 94 (Fla. 3d DCA 1998); Watkins v. State, 705 So.2d 938 (Fla. 5th DCA 1998); Brown v. State, 700 So.2d 447 (Fla. 3d DCA 1997); Titus v. State, 696 So.2d 1257 (Fla. 4th DCA 1997), approved, 707 So.2d 706 (Fla. 1998). In this case, appellant filed his motion for discharge on July 15, 1997. A hearing was held the next day which is within the five-day time period proscribed in rule 3.191(p)(3). The trial court found that the reasons set forth in subdivision (j) for granting a motion for discharge did not apply. The court's order that appellant be tried within ten days, as set forth in rule 3.191(p)(3), was therefore correct. Accordingly, appellant's judgment and sentence are affirmed.
JUDGMENT AND SENTENCE AFFIRMED.
W. SHARP and ANTOON, JJ., concur.