PER CURIAM.
This matter is before the Court for review on an issue certified to be of great public importance. See art. V, § 3(b)(4), Fla. Const. The District Court certified the following question:
SHOULD THE DECISION IN PARKER V. STATE, 408 So.2d 1037 (Fla.1982), BE OVERRULED IN FAVOR OF THE ANALYSIS OF THE EVI-DENTIARY REQUIREMENTS FOR PROOF OF CONVICTED FELON STATUS IN FIREARM VIOLATION *1054 CASES ESTABLISHED FOR FEDERAL COURTS IN OLD CHIEF V. UNITED STATES, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?
Lane v. State, 706 So.2d 94 (Fla. 3d DCA 1998). The petitioner contends, and the State concedes, that the outcome of this case is controlled by our decision in Brown v. State, 719 So.2d 882 (Fla.1998), wherein we answered the same question in the affirmative and held that the defendant was entitled to a new trial. The State concedes, and we agree, that the same outcome is mandated here.[1]
Accordingly, we answer the certified question in the affirmative in accord with Brown, quash the district court decision, and remand for further proceedings consistent herewith.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
HARDING, J., concurs in part and dissents in part with an opinion, in which WELLS, C.J., concurs.

. Review of this case was delayed when counsel for the petitioner failed to seek review on petitioner’s behalf and belated review was later sought and granted through a petition for writ of habeas corpus.