PARIENTE, J.,
concurring.
The evidence presented at trial in this case detailed horrific abuse inflicted by the defendant on the victim, who was under the age of thirteen, and instances of the defendant locking the victim in a storage room and bathroom for extended periods of time. The defendant was convicted of child neglect, child abuse, kidnapping, and numerous counts of aggravated child abuse; he was sentenced to thirty years in prison for the aggravated child abuse convictions, five years for the child abuse and neglect convictions, and life imprisonment for the kidnapping convictions. The issue in this case concerns whether the defendant can be convicted of kidnapping. The defendant contends that he cannot because the victim is his own son.
I agree with the majority’s holding that under the kidnapping statute, a parent or legal guardian can kidnap his or her own child. Subsection (l)(b) of the statute operates as a method of proof that allows the State to prove that the act of kidnapping is against the child’s will when the child is under the age of thirteen and is confined without the consent of his or her legal guardian. However, the subsection was not intended to operate to preclude criminal liability for parents or legal guardians who meet the elements of the statute.
Under the dissent’s construction of the statute, the parent or legal guardian could be convicted of kidnapping a child who is thirteen years of age or older, but not a child under the age of thirteen. See dissenting op. at 199 (“[I]t is reasonable to understand the statute as establishing the absence of parental consent as a necessary condition for a determination that the confinement is ‘against the will’ of the victim when the victim is a child under thirteen.” (emphasis added)). This leads to the absurd result that children who are thirteen and older are afforded more protection under the kidnapping statute than children who are under thirteen. This flies in the face of logic — younger children are more vulnerable and in need of greater protection.
The majority’s reading of the statute is supported by an application of sound statutory construction principles. A statute “must be construed in its entirety and as a whole.” Koile v. State, 934 So.2d 1226, 1233 (Fla.2006) (quoting St. Mary’s Hosp., Inc. v. Phillipe, 769 So.2d 961, 967 (Fla.2000)). Subsection (l)(b) cannot be read in isolation, but “must [be] read ... within the context of the entire section in order to *198 ascertain legislative intent for the provision.” Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1265 (Fla.2008). Further, “[s]tat-utes, as a rule, ‘will not be interpreted so as to yield an absurd result.’ ” State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995) (quoting Williams v. State, 492 So.2d 1051, 1054 (Fla.1986)). When these principles of statutory construction are applied, it is clear that the only reasonable interpretation of subsection (l)(b) is that the provision creates a method of proof intended to operate when the offender is not the parent or legal guardian and the child is under the age of thirteen. The dissent relies on the rule of lenity; however, we have “recognize[d] that the rule of lenity is a canon of last resort.” Kasisehke v. State, 991 So.2d 803, 814 (Fla.2008). It certainly should not be applied to produce an absurd or unreasonable result. See Clines v. State, 912 So.2d 550, 560 (Fla.2005) (“[T]he rule [of lenity] ‘is applicable to sentencing provisions’ if they ‘create ambiguity or generate differing reasonable constructions.’ ” (emphasis added)).
The Legislature has defined kidnapping as “forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority” with one of four specific intents. § 787.01(l)(a), Fla. Stat. (2000). Subsection (l)(b) of the statute provides: “Confinement of a child under the age of 13 is against her or his will within the meaning of this subsection if such confinement is without the consent of her or his parent or legal guardian.” § 787.01(l)(b), Fla. Stat. Thus, when the defendant is not the child’s parent or legal guardian, the statute has provided that the element that the confinement is against the victim’s will is proven when (a) the victim is under the age of thirteen, and (b) the confinement is without the consent of the victim’s parent or legal guardian. However, nothing within the statute implies that subsection (l)(b) is the only method by which to prove that the kidnapping of a child under the age of thirteen is against his or her will. Nor does the statute provide that the absence of parental consent is an element of the crime when the child is under thirteen.
The dissent reads the statute as if it stated, “Confinement of a child under the age of thirteen is against her or his will within the meaning of this subsection only if such confinement is without the consent of her or his legal guardian.” However, when read in context of the statute as a whole, it becomes clear that subsection (l)(b) is just one method by which the State can prove that the confinement was against the victim’s will for a child under the age of thirteen; it is not the exclusive method. Nothing within the statute establishes the absence of parental consent as an element of the crime or a necessary predicate to prove the crime of kidnapping.