CANADY, J.,
concurring.
I concur with the decision to approve the result reached by the First District, and to disapprove the decision of the Fifth District in Bostic v. State, 902 So.2d 225 (Fla. 5th DCA 2005). I also agree with receding from the holding of Williams v. State, 492 So.2d 1051, 1054 (Fla.1986), that the “literal requirement” of “the antique ‘or replica’ exceptions” to section 790.23’s prohibition on the possession of firearms by felons is “clearly absurd.”
The proper disposition of this case turns on the definition of “antique firearm” set forth in section 790.001(1). Under the rule of lenity codified in section 775.021(1), this definition must “be strictly construed.” Accordingly, to the extent that “the language” of the definition “is susceptible of differing constructions,” it must “be construed most favorably to the accused.” § 775.021(1), Fla. Stat. The State contends that the definition of “antique firearm” cannot apply to a “replica” firearm if a scope has been attached. The State argues that the attachment of a scope to a firearm means that the firearm cannot be considered a replica within the terms of the statutory definition because such a firearm with attached scope cannot be considered a copy exact in all details. This construction of the statute cannot be sustained under the rule of lenity.
The definition of an “antique firearm” says nothing about the attachment of accessories such as the scope at issue here. See § 790.001(1), Fla. Stat. Under the definition, the relevant critical factor here is the utilization of an “early type of ignition system.” See id. The attachment of a scope has no bearing on this critical factor. The State’s narrow reading of “replica” produces a line of reasoning leading to anomalous and far-reaching results. An antique replica with an “early type of ignition system” and with a scope attached would fall outside the definition of an “antique firearm” while an actual antique with the same type of ignition system and with an attached scope would fall within the definition. And an antique replica with any modern accessory attached, such as camouflage tape, a rubber recoil pad, or a nylon rifle sling, would—unlike a similarly configured actual antique—fall outside the definition of an “antique firearm” whether the accessory is permanently secured or temporarily affixed.
Contrary to the State’s reasoning, the strict construction required by the rule of lenity dictates that the status of the firearm as a “replica” be considered without regard to accessories—such as the scope at issue here—that are not specifically addressed by the statutory definition. The proper application of the rule of lenity precludes a construction of the definition that implicitly excludes a weapon simply because a scope has been attached when that weapon would otherwise be considered an “antique firearm.” Although the narrow understanding of “replica” advocated by the State might be plausible, it is also reasonable to refer to the weapon possessed by Weeks as a “replica” with an *11 attached scope. Weeks thus is entitled to the benefit of the statutory exception.
LABARGA, C.J., and POLSTON, J., concur.