719 So.2d 882 (1998)
Terry Kenneth BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 91764.
Supreme Court of Florida.
October 15, 1998.
*883 Bennett H. Brummer, Public Defender, and Dorothy F. Easley, Special Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Petitioner.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel and Michael J. Neimand, Assistant Attorneys General, Miami, for Respondent.
ANSTEAD, Justice.
We have for review the decision in Brown v. State, 700 So.2d 447 (Fla. 3d DCA 1997). We accepted jurisdiction to answer the following question certified to be of great public importance:
SHOULD THE DECISION IN PARKER v. STATE, 408 So.2d 1037 (Fla.1982) BE OVERRULED IN FAVOR OF THE *884 ANALYSIS OF THE EVIDENTIARY REQUIREMENTS FOR PROOF OF CONVICTED FELON STATUS IN FIREARM VIOLATION CASES ESTABLISHED FOR FEDERAL COURTS IN OLD CHIEF v. UNITED STATES, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?
Id. at 448. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the affirmative and hold that, consistent with Old Chief, when a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, the Court must accept that stipulation, conditioned by an on-therecord colloquy with the defendant acknowledging the underlying prior felony conviction(s) and acceding to the stipulation. The State should also be allowed to place into evidence, for record purposes only, the actual judgment(s) and sentence(s) of the previous conviction(s) used to substantiate the prior convicted felon element of the charge. We quash the decision under review and remand for a new trial.[1]

MATERIAL FACTS
Petitioner Terry Kenneth Brown (Brown) was convicted of unlawfully possessing a firearm by a convicted felon in violation of section 790.23, Florida Statutes (1995), and sentenced to seven years in prison as a habitual felony offender. § 775.084(4), Fla. Stat. (1995). At trial, the State was allowed to introduce certified copies of two prior convictions for robbery, a second-degree felony, and burglary of a structure, a third-degree felony, into evidence to prove the "convicted felon" element of the crime, despite Brown's objection and offer to stipulate to the existence of that element of the crime. Brown, 700 So.2d at 448. In addition, the trial court instructed the jury that Brown had previously been convicted of three felonies in addition to the two established by the certified records.
On appeal, the Third District acknowledged its responsibility to follow this Court's binding precedent in Parker v. State, 408 So.2d 1037 (Fla.1982), and held, in accord with Parker, that the trial court had not abused its discretion in rejecting the offer to stipulate and in admitting the copies of the convictions. Brown, 700 So.2d at 448. In so doing, the district court declined to apply the Supreme Court's recent opinion in Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), wherein it held that a federal district court abuses its discretion if it refuses a defendant's offer to stipulate to the fact of a prior felony conviction, and instead "admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." Id. at 174, 117 S.Ct. 644 (emphasis supplied). Nevertheless, the Third District certified the question referred to above as one of great public importance in order to give this Court an opportunity to revisit our holding in Parker in light of the holding in Old Chief. Brown, 700 So.2d at 448.

LAW AND ANALYSIS
In Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the defendant was charged with several crimes, including possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)(1994).[2]Id. at 174, 117 S.Ct. 644. The defendant offered to stipulate to the fact of the prior felony conviction as an alternative *885 to the introduction of official records reflecting the specific crime for which he was convicted. Id. at 175, 117 S.Ct. 644. The government refused to acquiesce in the stipulation. Id. at 177, 117 S.Ct. 644. The district court agreed and the Ninth Circuit upheld the ruling on appeal. Id. On review, the Supreme Court reversed the lower court's ruling.
In its opinion, the Court focused on the scope of a federal trial judge's discretion under Federal Rule of Evidence 403, which provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
The Court made clear at the outset that if "relevant evidence [such as the judgment of a prior conviction] is inadmissible in the presence of other evidence related to it [such as a stipulation of felon status], its exclusion must not rest on the ground that the other evidence has rendered it `irrelevant,' but on its character as unfairly prejudicial, cumulative or the like," id. at 179, 117 S.Ct. 644. The Court noted that the "unfair prejudice" contemplated in the rule "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. at 180, 117 S.Ct. 644 (quoting Fed.R.Evid. 403 advisory committee's note). The Court then acknowledged that "[s]uch improper grounds certainly include the one that Old Chief points to here: generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." Id. at 180-81, 117 S.Ct. 644.
The Court found that the advisory notes to the federal rules left no question that when rule 403 "confers discretion by providing that evidence `may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies [probative value and unfair prejudice], but by placing the result of that assessment alongside similar assessments of evidentiary alternatives." Id. at 184-85, 117 S.Ct. 644. The Court observed that "what counts as the Rule 403 `probative value' of an item of evidence, as distinct from its Rule 401 `relevance,' may be calculated by comparing evidentiary alternatives." Id. at 184, 117 S.Ct. 644.
In applying this analytical framework to the issue before it, the Court found that "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." Id. at 185, 117 S.Ct. 644. The Court noted that the risk "will vary from case to case ... but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." Id. The Court determined that the stipulation as to convicted felon status would have provided "seemingly conclusive evidence" of its existence, and that the name of the prior offense "addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation or admission." Id. at 186, 117 S.Ct. 644.
Finally, although acknowledging that "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense," id. at 189, 117 S.Ct. 644, the Court concluded:
This recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him. As in this case, the choice of evidence for such an element is usually not between eventful narrative and abstract proposition, but between propositions of slightly varying abstraction, either a record saying that conviction for some crime occurred at a certain time or a statement admitting the same thing without naming the particular offense.... The most the jury needs to know is that the conviction *886 admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.

Id. at 190-91, 117 S.Ct. 644 (emphasis added). Accordingly, "[i]n this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction." Id. at 191, 117 S.Ct. 644.

PARKER
In Parker v. State, 408 So.2d 1037 (Fla. 1982), relying on our earlier decision in Arrington v. State, 233 So.2d 634 (Fla.1970), we held that the State could refuse a defendant's stipulation to establish the "convicted felon" element of the crime of illegal possession of a firearm by a convicted felon. We reasoned that because the prior conviction is an essential element of the crime, proof of conviction is admissible "unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence." Parker, 408 So.2d at 1038.[3] In a brief analysis, we found no abuse of discretion by the trial court in admitting a prior conviction for breaking and entering to establish the "convicted felon" status.

WILLIAMS
In Williams v. State, 492 So.2d 1051 (Fla. 1986), although not faced with a situation involving an offer to stipulate, we applied Parker in holding that there was no abuse of discretion by the trial court in refusing to delete the exact nature of the prior conviction from the official documents offered by the State to establish the defendant's prior conviction. Id. at 1052. However, while concurring in the Court's ruling, four (4) justices, speaking through Justice Shaw, objected to the majority's expansive reading of Parker that the "particulars of a prior conviction" may be introduced into evidence:
In proving the prior conviction, the state introduced a copy of the information, a jury verdict form and the judgment and sentence. I agree that this evidence was permissible and not unduly prejudicial. Parker v. State, 408 So.2d 1037 (Fla.1982). I do not agree, however, that Parker holds that the "particulars of a prior conviction" may be introduced, as the majority opinion states. The word "particulars" is far too expansive and could easily lead to the introduction of unduly prejudicial material which goes far beyond the state's burden to prove a prior conviction. In Parker, we approved the introduction of a certified copy of a judgment and sentence on a prior conviction similar to the form set out in Florida Rule of Criminal Procedure 3.986. I would limit the state to such non-inflammatory evidence as was introduced here and in Parker. So qualified, I concur with the majority decision.
Id. at 1054 (Shaw, J., specially concurring in an opinion joined by Overton, Ehrlich and Barkett, JJ.). Justice Barkett also specially concurred, writing that:
I concur because I believe this case is controlled by Parker v. State, 408 So.2d 1037 (Fla.1982). However, I do not see the need to admit into evidence the type of prior conviction in order to prove that the defendant was a convicted felon. In the absence of a dispute that the prior conviction was indeed a felony, such an admission can only prejudice the jury with absolutely no countervailing interest in its support.
Id. at 1054-55 (Barkett, J., concurring specially). We find the reasoning of the specially concurring justices in Williams to be remarkably similar to the reasoning of the Supreme Court in its recent decision in Old Chief.

*887 OTHER JURISDICTIONS
While numerous courts have adopted Old Chief, an examination of one of those cases vividly illustrates application of the Old Chief rule. In State v. Alexander, 214 Wis.2d 628, 571 N.W.2d 662 (Wis.1997), the defendant was accused of operating a motor vehicle with a prohibited alcohol concentration. Because of his prior record the defendant was charged with an aggravated version of the crime, similar to the felony driving under the influence offense in Florida.[4] One of the offense's elements was that the defendant must have two or more prior convictions, suspensions, or revocations as counted under statute. 571 N.W.2d at 664. Despite the defendant's admission of that element of the crime, the trial court admitted the particulars of the prior offenses into evidence and the defendant was convicted. The Wisconsin Court of Appeals held that it was error to allow the particulars of the prior convictions into evidence, but found the error harmless.
On review, the Wisconsin Supreme Court relied on Old Chief in its analysis:[5]
[I]ntroducing evidence of the defendant's prior convictions ... served no purpose other than to prove the status element of the charged offense. Admitting this evidence to prove this status element, and submitting the status element to the jury adds nothing to the State's evidentiary depth or descriptive narrative. It does nothing to fulfill a juror's expectations. This evidence and element, does, however, tell a juror that the defendant has had a problem in the past, probably with drinking and driving. It raises an inference that the defendant has a bad character and a propensity to drink and drive, and that is the very result prohibited by the rules of evidence.
Id. at 671 (emphasis added). Nevertheless, the court found the error harmless due to the "overwhelming nature" of the evidence supporting the defendant's guilt. Id. at 672.[6]

SECTION 90.403 BALANCING
The question presented, as in Old Chief, requires us to balance the State's and a criminal defendant's legitimate interests at trial. The appropriate framework is found in section 90.403 of the Florida Evidence Code, which is in essence a restatement of Federal Rule 403, and provides, in pertinent part:
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
As a general matter, we recognize that the State has a reasonable interest in presenting the case in its own way and providing the jury with evidentiary value and depth in establishing the elements of a charged crime. However, the defendant also has a legitimate concern in being judged only on the crime charged, and not being convicted on an improper ground due to the admission of evidence that carries unfairly prejudicial baggage.
On the specific issue before us, Professor Ehrhardt has commented that:
Section 90.403 does not require that the prosecution accept every defense offer to stipulate to a fact or an issue. Counsel is entitled to present her evidence in the manner she chooses and to have the trier of fact know the details of what occurred. However, despite the rule that a party is *888 not required to stipulate to a fact, section 90.403 is applicable to the evidence offered to prove that fact or issue. In weighing the probative value against the unfair prejudice, it is proper for the court to consider the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction. The offering party's need for the evidence is not nearly as great when the adverse party is willing to concede the fact or to stipulate to it.

Charles W. Ehrhardt, Florida Evidence § 403.1, at 142-43 (1998 ed.) (emphasis supplied) (footnotes omitted). Consistent with this commentary, Florida courts have applied the rule 403 balancing test to exclude testimony in a number of contexts, including testimony that a defendant was arrested in a high crime area, results of blood alcohol tests, general behavior of drug dealers, racial slurs, traffic citations, a party's financial status, prior official actions, and evidence of drug use and the criminal history of a litigant in a civil suit. Id. at 139-42.
However, in noting that Florida courts have followed our decision in Parker holding that the defendant's offer to stipulate is not binding on the State, Professor Ehrhardt points out that virtually no analysis of the section 90.403 balancing process has occurred in most of those cases. Id. at 143 n. 37 (observing that in applying Parker, "[t]here has been no analysis of the 90.403 balancing in these decisions"). Hence, it appears that the trial court and district courts, for the most part, as was the case here, have erroneously treated our decisions in Parker and Williams as adopting virtually a per se rule mandating admission of the particulars of a defendant's actual prior record in felon possession cases.[7]

THIS CASE
In light of Old Chief, we have reconsidered our holdings in Parker and Williams and conclude that, in view of the limited purpose for which evidence of prior convictions in felon-in-possession cases is offered, trial and appellate courts should be relieved of making discrete and subjective value judgments in dealing with what should be a routine submission of prior felony conviction evidence. While there is obviously some risk of prejudice inherent in establishing that a defendant is a convicted felon, our concern here is in dealing with the additional and unnecessary risk of prejudice that comes with disclosure of the number or nature of the prior convictions. On reflection, we now recognize the wisdom of the concerns expressed by the separately concurring justices in Williams, and especially the observation of Justice Barkett that in "the absence of a dispute that the prior conviction was indeed a felony, such an admission [of the prior substantive offense] can only prejudice the jury with absolutely no countervailing interest in its support." Williams, 492 So.2d at 1054-55 (Barkett, J., concurring specially).
We are similarly persuaded by the Supreme Court's reasoning that "[t]his recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." Old Chief, 519 U.S. at 190, 117 S.Ct. 644; cf. State v. Emmund, *889 698 So.2d 1318, 1320 (Fla. 3d DCA 1997) (concluding that "focus of the case should remain on the facts that are actually in dispute: whether the defendant possessed the firearm on the date charged"). Offering into evidence anything beyond what is necessary to establish the defendant's legal status as a convicted felon is irrelevant to the current proceeding, has "discounted probative value," and may needlessly risk a conviction on improper grounds. Old Chief, 519 U.S. at 191, 117 S.Ct. 644.
In our analysis, we are substantially aided by the State's candid concession at oral argument that in a felon-in-possession prosecution, the defendant's status as a prior convicted felon is the only salient fact that the State seeks to establish by offering into evidence a defendant's prior record.[8] Indeed, we commend the State's candor in that regard and in acknowledging the inherent and unnecessary prejudice to the defendant of revealing the number and substantive content of his or her prior felony convictions to a jury. That recognition, in conjunction with the State's proposal to establish a procedure for confirming the fact of prior convictions without any unnecessary or unduly prejudicial information going to the jury, analogous to that instituted for felony DUI convictions,[9] impels us to adopt Old Chief's rationale. That is, when presented with an "evidentiary alternative"a defendant's stipulation of prior convicted felon statusrather than attempting to balance the "twin tendencies" of prior conviction evidence,[10] trial courts should ordinarily accept such a stipulation when requested by a criminal defendant.
Accordingly, we hold that when requested by a defendant in a felon-in-possession of a firearm case, the trial court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. At the same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the prior felony conviction(s). Of course, neither these documents nor the number and nature of the prior convictions should be disclosed to the trial jury. We also agree with the State that, out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his voluntary waiver of his right to have the State otherwise prove the convicted felony status element beyond a reasonable doubt. See Blair v. State, 698 So.2d 1210, 1217-19 (Fla.1997) (requiring criminal defendant's waiver of constitutional right to six-person jury to "be done knowingly, intelligently, and voluntarily and that a record be made to demonstrate this fact").
Further, we agree with the Eleventh Circuit's reasoning in United States v. Hardin, 139 F.3d 813 (11th Cir.1998), that the defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. Therefore, if the element of "convicted felon" is established by stipulation, the judge may thereafter instruct the jury that it can consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation.

CONCLUSION
In summary, we answer the certified question in the affirmative. We hold that when a criminal defendant offers to stipulate to the convicted felon element of a charge of possession of a firearm by a convicted felon, the State and the trial court should accept that stipulation. Accordingly, we quash the Third District's decision and remand this case with directions to order a new trial. We recede from Parker and Williams to the extent that they are inconsistent with this opinion.
It is so ordered.
*890 SHAW, KOGAN and PARIENTE, JJ., concur.
HARDING, C.J., concurs in part and dissents in part with an opinion.
WELLS, J., dissents with an opinion.
OVERTON, J., dissents.
HARDING, Chief Judge, concurring in part and dissenting in part.
I concur with the majority that the better practice in these types of cases is to require that the trial court approve a stipulation by the defendant, when so requested, that the defendant is a prior convicted felon, without further elaboration. I also agree that the State should be permitted to file, without disclosure to the jury, any certified copies of such prior adjudication. However, I cannot agree that this change in procedure should be applied to Brown himself or any other pipeline cases. Our decision today concerns a change in the procedure for establishing that a defendant is in fact a prior convicted felon. Prior to this decision, the trial court was permitted to use its discretion in determining whether or not to allow a defendant's stipulation. See Williams v. State, 492 So.2d 1051 (Fla.1986); Parker v. State, 408 So.2d 1037 (Fla.1982). Changes in procedure should be applied prospectively. See Armstrong v. State, 642 So.2d 730, 738 (Fla.1994) ("We find that our decision in Spencer being a change in procedure and not a change in the lawis to be applied prospectively only."). In the present case, when the trial court used its discretion and declined Brown's request to stipulate, the trial court was following the law as this Court directed in Williams and Parker. Therefore, I believe the proper result in this case is to apply the change in procedure prospectively and not quash the opinion of the Third District Court of Appeal and require a new trial.
WELLS, Judge, dissenting.
I begin my analysis in this case with Justice Overton's concurring opinion in Perez v. State, 620 So.2d 1256 (Fla.1993), in which he has an in-depth discussion of stare decisis. In that opinion, Justice Overton stated:
The doctrine of precedent is basic to our system of justice. In simple terms, it ensures that similarly situated individuals are treated alike rather than in accordance with the personal view of any particular judge. In other words, precedent requires that, when the facts are the same, the law should be applied the same.
....
Although I still adhere to the views I initially expressed in [Bernie v. State, 524 So.2d 988 (Fla.1988)], I cannot, with intellectual honesty, say that the majority's position was entirely without a factual or legal basis. Furthermore, and more importantly, I find that nothing has changed or occurred since the Bernie decision to justify altering the majority's holding in that case.
620 So.2d at 1259-61. Although I do not adhere to blind allegiance to precedent, I do believe that intellectual honesty continues to demand that precedent be followed unless there has been a clear showing that the earlier decision was factually or legally erroneous or has not proven acceptable in actual practice. None of these reasons support the majority's decision to recede from two decisions of this Court.
Clearly, the adoption of an analysis of Federal Rule of Evidence 403 by a five-to-four majority of the United States Supreme Court does not come within Justice Overton's Perez stare decisis analysis as providing the basis for this Court's newly composed majority to reverse this Court's earlier majority analysis of Florida's Rules of Evidence. Thus, using Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), to recede from Williams v. State, 492 So.2d 1051 (Fla. 1986), and Parker v. State, 408 So.2d 1037 (Fla.1982), is simply casting aside stare decisis.
I reject the majority's unsupported assertion that "the trial court and district courts, for the most part, as was the case here, have erroneously treated our decisions in Parker and Williams as adopting a per se rule mandating admission of the particulars of a defendant's actual prior record in felon possession cases." Majority op. at 8-9. This statement ignores the clear statement in *891 Parker that a balancing test is to be used. Rather, the majority leverages its nonrecord suspicions into a mandated stipulation to which the State must now agree. Though the majority pays passing tribute to a recognition that the State has a reasonable interest in presenting its case "in its own way," the majority tramples that interest so as to do its own rule 403 weighing in place of the trial judge. I am very concerned that the majority's decision is simply this Court deciding that it should intercept the role of the trial judges.
I conclude that there is no basis to find that the trial judge or the Third District erred in this case. Those courts followed and approved the precedent of this Court.
I would approve the decision of the district court and affirm the trial court. If relevant evidence is not to be considered on the basis of a balancing test and determined to be per se inadmissible, that amendment should be made to the evidence code and not by judicial fiat.
NOTES
[1] We grant relief in this case because Brown timely objected to the introduction of his prior felony convictions into evidence, preserved this issue for appeal and argued it before the Third District, and subsequently did the same upon review by this Court. We are unable to conclude that the error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). However, other than this case, and those cases pending where the issue has been preserved, our decision is prospective only and will have no retroactive application to cases final as of the date this opinion is released.
[2] The statute provides, in pertinent part:

It shall be unlawful for any person-(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year .... [to] possess in or affecting commerce, any firearm....
18 U.S.C. § 922(g)(1).
[3] Prior to adoption of the Florida Evidence Code, Florida case law had recognized a test similar to that now contained in Federal Rule 403 and section 90.403, Florida Statutes (1997). Id. at 1038 n. 3.
[4] Indeed, Florida has long followed the practice of allowing the fact of prior DUI convictions to be established in the record without disclosure to the jury trying the current DUI offense. See infra note 8.
[5] The court noted that the relevant Wisconsin evidentiary rule found in section 904.03, Wisconsin Statutes (1993), was a mirror image of Federal Rule of Evidence 403. See id., 571 N.W.2d at 668 & nn. 3-4.
[6] One common thread in some of the earlier cases and some cases which have followed Old Chief is a recognition and discussion of how the discrete danger of unfair prejudice to the defendant potentially increases with the greater similarity between the charged crime(s) and the previous crime(s) used to support a prior conviction element. In many instances, the appearance of any logical connection between the two often appears to have been determinative in a finding of harmful error. This reasoning is not unlike that which we applied in Parker and Williams in concluding that no substantial "undue" prejudice resulted from the admission of a prior record reflecting the particular substantive offense the defendant had previously committed.
[7] The State noted at oral argument that it was "hard to tell" if the trial court engaged in the section 90.403 balancing process mandated by our holding in Parker. See 408 So.2d at 1038. That comment, in conjunction with our own review of the colloquy on this issue, leads us to suspect that trial judges are interpreting Parker as establishing a per se rule requiring the admission of prior conviction evidence proffered by the State in felon-in-possession cases. Indeed, the judge here stated that Parker "says exactly that I can't force the State to stipulate to [the prior felony convictions]." The judge then queried the State: "Might we agree that you get to introduce one, and then you and the Defendant agree to stipulate that there are four other ones? Could we do that?" The judge's comments appear to reveal his own uncertainty about the scope of his discretion in this matter. While much of that uncertainty may be ascribed to the ambiguities in our opinions in Parker and Williams, we conclude that the trial court erred in not utilizing the weighing process discussed in Parker.
[8] See Justice Barkett's concurring opinion in Williams.
[9] See State v. Rodriguez, 575 So.2d 1262, 1266 (Fla.1991) (provided jury returns guilty verdict on instant DUI charge, mandating separate proceeding without jury to determine in open court if defendant has three or more prior DUI convictions, accompanied by full confrontation clause rights, cross-examination, and representation by counsel).
[10] Unfair prejudice and probative value.