PER CURIAM.
We have for review the decision in Tucker v. State, 706 So.2d 93 (Fla. 3d DCA 1998). We accepted jurisdiction to answer the following question certified to be of great public importance:
SHOULD THE DECISION IN PARKER V. STATE, 408 So.2d 1037 (Fla.1982), BE OVERRULED IN FAVOR OF THE ANALYSIS OF THE EVIDENTIARY REQUIREMENTS FOR PROOF OF CONVICTED FELON STATUS IN FIREARM VIOLATION CASES ESTABLISHED FOR FEDERAL COURTS IN OLD CHIEF V. UNITED STATES, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?
Id. at 94. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently answered the same certified question in the affirmative in Brown v. State, 719 So.2d 882 (Fla.1998). We also remanded the case for a new trial because we were unable to conclude that the erroneous introduction of the substance of Brown’s prior felony convictions to the jury was harmless beyond a reasonable doubt. Id., at 884 n. 1. In so doing, we made clear that our decision was prospective only, except for the instant *210 case and “those cases pending where the issue has been preserved.” Id. at 884 n. 1. Because we find that to be the case here, we answer the certified question in the affirmative, quash the decision under review, and remand this case to the Third District for reconsideration in light of our decision in Brown.
It is so ordered.
SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.
HARDING, C.J., concurs in part and dissents in part with an opinion.
OVERTON and WELLS, JJ., dissent.