ANTOON, J.
Mark Ellis appeals his judgment and sentence entered by the trial court after a jury found him guilty of committing the offense of possession of a firearm by a convicted felon.[1] Mr. Ellis argues that the trial court improperly admitted into evidence certified copies of his five prior felony convictions, and the trial court erred in denying his motion for judgment of acquittal because the state failed to submit evidence that the offense occurred within the time frame charged in the information. We affirm because Mr. Ellis did not object when the state offered the certified copies into evidence, and the state presented sufficient evidence to support the conviction.
Mr. Ellis filed a pretrial motion in limine offering to stipulate “for purposes of trial that he is a convicted felon” and to exclude “evidence that the defendant was incarcerated in state prison either in Florida or Georgia.” When the information was filed in this case, Mr. Ellis had at least seven prior felony convictions, two from Georgia and five from Florida. He was on felony probation in Florida at the time of the offense. The trial court considered the motion immediately before trial. Mr. Ellis argued that evidence of the Georgia convictions should be excluded because they occurred twenty-five years ago, and he again offered to stipulate to all five of his Florida convictions. The trial court granted Mr. Ellis’ motion with regard to the Georgia convictions and then stated that “[o]ut of an abundance of caution, we’re going to do five convictions.” At trial, the state’s first witness identified all five certified copies of Mr. Ellis’ Florida convictions and they were admitted into evidence without objection.
On appeal, Mr. Ellis argues that he is entitled to receive a new trial because the trial court improperly admitted the certified copies into evidence. Relying on Brown v. State, 719 So.2d 882 (Fla.1998), Mr. Ellis argues that admission of the certified copies of his prior convictions constitutes reversible error. In Brown, our supreme court held “that when requested by a defendant in a felon-in-possession of a firearm case, the trial court must approve a stipulation whereby the parties acknowl *568 edge that the defendant is, without further elaboration, a prior convicted felon.” Id. at 889. However, Brown does not apply to the instant case. The supreme court went on to state that “[o]ther than this case, and those cases pending where the issue has been preserved, our decision is prospective only and will have no retroactive application to cases final as of the date this opinion is released.” Id. at 884; n. 1. (emphasis added). The opinion in Brown was released on October 15,1998 and Mr. Ellis’ case became final in August 1998. Therefore, the decision in Brown does not apply to the instant case unless the issue was preserved for appeal. This issue was not preserved for appeal because Mr. Ellis did not object when the state offered the certified copies into evidence. See McKelton v. State, 528 So.2d 123 (Fla. 5th DCA 1988).
Mr. Ellis also argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to submit evidence that the offense occurred within the time frame charged in the information. This argument is without merit because the evidence presented at trial, including Mr. Ellis’ admission to his probation officer that he had possessed a firearm after his convictions, was sufficient to establish Mr. Ellis’ constructive possession of a firearm during the time period charged in the information. See Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA), cause dismissed, 725 So.2d 1107 (Fla. 1998). Moreover, although Mr. Ellis moved for judgment of acquittal at the close of the state’s case, he did not raise this particular issue at trial. Therefore, it has not been preserved for appellate review. See Hardwick v. State, 630 So.2d 1212, 1213 (Fla. 5th DCA 1994).
JUDGEMENT AND SENTENCE AFFIRMED.
GRIFFIN, C.J., and W. SHARP, J., concur.

. § 790.23, Fla. Stat. (1997).