734 So.2d 399 (1999)
Geremi PIERCE, Petitioner,
v.
STATE of Florida, Respondent.
No. 94,053.
Supreme Court of Florida.
May 6, 1999.
Rehearing Denied June 9, 1999.
*400 James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, Florida, for Respondent.
PER CURIAM.
We have for review a district court decision certifying the following question to be of great public importance:
SHOULD THE DECISION IN PARKER v. STATE, 408 So.2d 1037 (Fla. 1982), BE OVERRULED IN FAVOR OF THE ANALYSIS OF THE EVIDENTIARY REQUIREMENTS FOR PROOF OF CONVICTED FELON STATUS IN FIREARM VIOLATION CASES ESTABLISHED FOR FEDERAL COURTS IN OLD CHIEF v. UNITED STATES, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?
Pierce v. State, 23 Fla. L.Weekly D2051, ___ So.2d ___, 1998 WL 558760 (Fla. 2d DCA Sept. 4, 1998). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently answered this question affirmatively in Brown v. State, 719 So.2d 882 (Fla.1998), wherein we held that when a criminal defendant offers to stipulate to the convicted felon element of a charge of possession of a firearm by a convicted felon without further elaboration, the State and the trial court should accept this stipulation. Id. at 889. In our decision, we granted Brown relief because he timely objected to the introduction of his prior felony convictions into evidence, preserved the issue for appeal, and argued it to the district court and to this Court. See id. at 884 n. 1. We also stated that our decision was prospective only, except for pending cases where the issue has been preserved. Id. As the State concedes, Pierce has adequately preserved this issue for review by offering to stipulate to his status as a convicted felon prior to trial and by arguing it to the district court on appeal. Moreover, his case was pending in this Court when we rendered our decision in Brown.
As in Brown, we are unable to conclude that the introduction of Pierce's prior conviction for robbery was harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).[1] Therefore, in accordance with our opinion in Brown, we answer the certified question in the affirmative, quash the decision *401 under review and remand for a new trial.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
HARDING, C.J., concurs in part and dissents in part with an opinion.
WELLS, J., dissents with an opinion.
HARDING, C.J., concurring in part and dissenting in part.
I concur in part and dissent in part for the reasons stated in my concurring in part and dissenting in part opinion in Brown v. State, 719 So.2d 882, 890 (Fla. 1998).
WELLS, J., dissenting.
I dissent for the reasons stated in my dissent in Brown v. State, 719 So.2d 882, 890 (Fla.1998).
NOTES
[1] In fact, the record reflects that Pierce not only contested the case, but also presented the testimony of other witnesses in support of his claim of innocence. Pierce also cites the prosecutor's argument to the judge at Pierce's sentencing wherein the prosecutor stated that it was safe to assume that when a person like Pierce carries a gun, he does not do so for a lawful purpose.