W. SHARP, J.
Williams appeals from his conviction and sentences after a jury trial. He was convicted of aggravated assault with a firearm,[1] aggravated fleeing and eluding a law enforcement officer,[2] and possession of a firearm by a convicted felon.[3] During the trial, Williams stipulated that he was a convicted felon, and this stipulation was read to the jury. However, during jury deliberations, it became clear that an exhibit setting forth the nature of the prior convictions had been inadvertently sent to the jury, and at least three jurors had read it. Defense counsel moved for a mistrial, which the trial court took under advisement. After the jury returned a guilty verdict, the court denied the motion. We reverse.
Although the evidence in this case could be described as overwhelming that Williams was the individual in possession of a firearm at the scene of an assault and battery at a 7-11 store, the jurors, at one point, announced they were deadlocked and could not reach a verdict. Only after the trial court gave them a “dynamite charge” did they reach a verdict finding Williams guilty. Some of the state witnesses were unable to identify Williams as the man with the gun, although Williams’ girlfriend clearly identified him. No fingerprints were found on the gun.
The state argues that the error in this case should be treated as “harmless error,” citing to sections 924.051(7) and 924.33, Florida Statutes, which read as follows:
924.051(7) In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.
[[Image here]]
924.33 When judgment not to be reversed or modified.-No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuri *589 ously affected the substantial rights of the appellant.
In Jackson v. State, 707 So.2d 412 (Fla. 5th DCA 1998), this court held that section 924.051(7) must be read in conjunction with section 924.38 and State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In DiGuilio, the court said the state, as the beneficiary of an error, had to show beyond a reasonable doubt, that the error did not contribute to the verdict, or that there was no reasonable possibility that the error contributed to the conviction. In Goodwin v. State, 751 So.2d 537 (Fla.1999), the Florida Supreme Court concluded that section 924.051(7) merely reaffirms the existing standard of review which requires application of DiGuilio to errors that are not reversible per se.
However, we think this case is controlled by Brown v. State, 719 So.2d 882 (Fla.1998) and Pierce v. State, 734 So.2d 399 (Fla.1999). In Brown, the Florida Supreme Court established a new rule that when a criminal defendant offers to stipulate to the convicted felon element of a felon in possession of a firearm charge, the court must accept the stipulation. The identity of the prior felony convictions must not be disclosed to the jury. To do so would make admissible bad character or bad acts by the defendant for no other purpose than to improperly persuade the jury the defendant likely performed the bad act for which he was on trial.
The court adopted the views offered by Justice Barkett in her concurring opinion in Williams v. State, 492 So.2d 1051, 1054-55 (Fla.1986)
[I]n the absence of a dispute that the prior conviction was indeed a felony, such an admission [of the prior substantive offense] can only prejudice the jury with absolutely no countervailing interest in its support.
and the United States Supreme Court in Old Chief v. United States, 519 U.S. 172, 191, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)
Offering into evidence anything beyond what is necessary to establish the defendant’s legal status, as a convicted felon is irrelevant to the current proceeding, has ‘discounted probative value’ and may needlessly risk a conviction on improper grounds.
Brown, 719 So.2d at 889.
In Pierce, the supreme court reaffirmed the rule established in Brown. After reviewing the record in that case,[4] the court was unable to conclude that the introduction of Pierce’s prior conviction for robbery was harmless error, citing DiGuilio.
Thus, apparently the harmless error test in which the state carries the burden of showing beyond a reasonable doubt the error did not contribute to the verdict or there was no reasonable possibility that the error contributed to the conviction, applies to disclosing to a jury the nature of prior convictions where a defendant has stipulated to that status. This is not an insignificant burden. Here, something in this case almost produced a hung jury. Thus, we cannot agree the evidence was clearly “overwhelming.” Further, even after the error was disclosed, the prosecutor agreed with the defense that Williams could not receive a fair trial. The court disagreed, apparently for the reason given: “I don’t know of any cases that have followed the Brown case in the Courts ...” However, Brown was decided and controlling at the time of the trial.
REVERSED and REMANDED for a new trial.
HARRIS and PETERSON, JJ., concur.

. § 784.021(l)(a), Fla. Stat.

. § 316.1935(2), Fla. Stat.

.§ 790.23, Fla. Stat.

. Pierce contested the case and presented testimony of other witnesses in support of his claim of innocence, and the prosecutor made matters worse by arguing in closing that it was safe to assume that when a person like Pierce carries a gun, he does not do so for a lawful purpose.