943 So.2d 1016 (2006)
Eugene Kester HORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-0255.
District Court of Appeal of Florida, Second District.
December 15, 2006.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Eugene Kester Horton challenges his conviction for failure of a sex offender to report a change of address, a violation of section 943.0435, Florida Statutes (2004). He raises two issues on appeal. We reject without discussion Horton's assertion that the evidence was insufficient to survive his motion for judgment of acquittal. However, on the second issue we reverse and remand for a new trial because we agree that the trial court erred in allowing the State to introduce into evidence Horton's prior conviction for the same offense.
At the start of the trial, by a motion in limine, the State indicated its intention to introduce evidence of Horton's prior conviction in order to show that Horton was on notice of the requirement that he report a change of address. The defense objected, arguing that it was not contesting the notice element of the offense and therefore the prior conviction was substantially more *1017 prejudicial than probative. The defense also asserted that the State had other, less prejudicial evidence which would demonstrate Horton's actual notice of the requirement, including a form signed by Horton acknowledging the registration and change of address requirement. The trial court overruled the defense objection and allowed the State to introduce an exhibit consisting of documents showing the prior conviction.
Both in the trial court and on appeal, the State cites section 943.0435(9)(c) as justification for the trial court's decision to allow the prior conviction. The trial court agreed with the State's argument and interpreted section 943.0435(9)(c) as authority for the State to introduce the prior conviction.
Section 943.0435(9), provides:
(9)(a) A sexual offender who does not comply with the requirements of this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) A sexual offender who commits any act or omission in violation of this section may be prosecuted for the act or omission in the county in which the act or omission was committed, the county of the last registered address of the sexual offender, or the county in which the conviction occurred for the offense or offenses that meet the criteria for designating a person as a sexual offender.
(c) An arrest on charges of failure to register when the offender has been provided and advised of his or her statutory obligations to register under subsection (2), the service of an information or a complaint for a violation of this section, or an arraignment on charges for a violation of this section constitutes actual notice of the duty to register. A sexual offender's failure to immediately register as required by this section following such arrest, service, or arraignment constitutes grounds for a subsequent charge of failure to register. A sexual offender charged with the crime of failure to register who asserts, or intends to assert, a lack of notice of the duty to register as a defense to a charge of failure to register shall immediately register as required by this section. A sexual offender who is charged with a subsequent failure to register may not assert the defense of a lack of notice of the duty to register.
(d) Registration following such arrest, service, or arraignment is not a defense and does not relieve the sexual offender of criminal liability for the failure to register.
We do not read subsection (9)(c) of this statute as authorizing the introduction of a prior conviction as substantive evidence. Although a prior conviction would tend to prove that a defendant had actual notice of the duty to register, the trial court should have analyzed the question of its admissibility by applying the balancing test required under section 90.403, Florida Statutes (2004). Professor Ehrhardt has described a trial court's responsibility in applying section 90.403:
The court must weigh the logical strength of the proffered evidence to prove a material fact or issue against the other facts in the record and balance it against the strength of the reason for exclusion. In undertaking this balancing, the trial judge may consider the need for the particular evidence, the availability of alternative means of proof, and the likelihood that the jury will follow a limiting instruction by the court. The burden is on the objecting party to demonstrate that the probative value is "substantively outweighed" by one of the countervailing factors.
*1018 Charles W. Ehrhardt, Florida Evidence § 403.1 (2006 ed.) (footnotes omitted).
The evidence of Horton's prior conviction had no probative value as to any disputed issue. Although the State was required to show that Horton had notice of the duty to register, the notice element was not a disputed issue at trial because Horton was not asserting, and could not assert pursuant to section 943.0435(9)(c), lack of notice as a defense. Under subsection (9)(c), "[a] sexual offender who is charged with a subsequent failure to register may not assert the defense of a lack of notice of the duty to register." And, it was undisputed that the State had available other less prejudicial evidence that could have satisfied the notice element (e.g., the form Horton signed when he was released from prison acknowledging the address change requirement).
We agree with Horton that the prejudice outweighed the probative value of the prior conviction, and because the trial court failed to conduct a proper analysis under section 90.403, it abused its discretion in allowing the prior conviction into evidence. See Brown v. State, 719 So.2d 882, 887 (Fla.1998) (discussing section 90.403 balancing).
Reversed and remanded for a new trial.
KELLY, J., and NIELSEN, RICHARD A., Associate Judge, Concur.