DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARLON JOEL GRIMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-127

[June 6, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2015-CF-004186-AXXX-MB.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Marlon Grimes contends that his conviction for possession of a firearm by a convicted felon should be reversed because the trial court abused its discretion in allowing the state to introduce multiple certified judgments of prior felony convictions into evidence in order to establish Grimes' legal status. On the record before us, we find no error and we affirm.

As the parties were preparing to begin voir dire, Grimes moved to exclude all but one of the certified judgments the state sought to enter into evidence to prove Grimes was a convicted felon. Grimes argued that only one judgment was necessary and that admission of more than one would be "overly prejudicial." The state explained that it sought to admit six certified judgments encompassing eight felony convictions: three sales of cocaine, three possessions of cocaine, a fleeing and eluding, and resisting an officer with violence.

The trial court noted that Grimes did not stipulate to the legal status

element of the offense and that it was not apparent as to whether Grimes would dispute that element of the charged crime. Based on *Harris v. State*, 449 So. 2d 892 (Fla. 1st DCA 1984), the trial court fashioned a compromise: the state could introduce four certified judgments encompassing up to six convictions. The trial court believed that any more than that would be cumulative and unduly prejudicial. During trial, four certified judgments were entered into evidence. They reflected convictions for two sales of cocaine and three possessions of cocaine.

In moving for exclusion of all but one certified judgment, Grimes acknowledged the relevance of any one of the prior convictions. He focused on the cumulative and overly prejudicial effect of the other certified judgments. Thus, his objection was lodged pursuant to section 90.403, Florida Statutes (2016), which provides that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."

The Florida Supreme Court has elaborated on the balancing inquiry of section 90.403:

> "Unfair prejudice" has been described as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Brown v. State*, 719 So. 2d 882, 885 (Fla. 1998) (quoting *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997)). This rule of exclusion "is directed at evidence which inflames the jury or appeals improperly to the jury's emotions." *Steverson v. State*, 695 So. 2d 687, 688-89 (Fla. 1997). In performing the balancing test to determine if the unfair prejudice outweighs the probative value of the evidence, the trial court should consider *the need for the evidence*, the *tendency* of the evidence to suggest an *emotional basis for the verdict*, the *chain of inference* from the evidence necessary to establish the material fact, and the *effectiveness of a limiting instruction*. *Taylor v. State*, 855 So. 2d 1, 22 (Fla. 2003). The trial court is obligated to exclude evidence in which unfair prejudice outweighs the probative value in order to avoid the danger that a jury will convict a defendant based upon reasons other than evidence establishing his guilt.

*Wright v. State*, 19 So. 3d 277, 296 (Fla. 2009) (emphases in original) (quoting *McDuffie v. State*, 970 So. 2d 312, 327 (Fla. 2007)).

2

The trial court relied on *Harris*, 449 So. 2d at 896-98, which involved the application of section 90.403 to the admission of more than one prior conviction in a prosecution for possession of a firearm by a convicted felon. In Harris's first trial, which ended in a mistrial, the parties stipulated to his status as a convicted felon. *Id.* at 894. During the second trial, certified copies of four of Harris's prior felony convictions were introduced into evidence over his objection. *Id.* at 895.[1]

Harris argued on appeal that the trial court erred in allowing the state to introduce documentary evidence of his four felony convictions, as the probative value was substantially outweighed by the prejudicial effect. *Id.* at 896. The First District rejected the argument, first recognizing that a prior conviction is a substantive element of the offense. *Id.* But the court also recognized that even if the introduction of more than one prior felony conviction was not necessary, "the test for admissibility of evidence of such prior convictions is one of *relevancy*, not necessity." *Id.* (emphasis in original). The court explained that not all relevant evidence is admissible under the balancing test of section 90.403. *Id.* at 897. The court affirmed that a trial court has discretion to determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence: "The court must weigh the proffered evidence against the other facts in the record and balance it against the strength of the reason for exclusion." *Id.* (quoting C. Ehrhardt, *Florida Evidence* § 403.1 at 62-63 (1977)). The court also recognized that "most evidence that is admitted will be prejudicial to the adverse party," and it is only "evidence which inflames the jury or appeals strongly to the jury's prejudice" that triggers the protections of section 90.403. *Id.* (quoting C. Ehrhardt, *Florida Evidence* § 403.1 at 62-63 (1977)). The court requested guidance from the Florida Supreme Court on the issue of whether, in a prosecution for possession of a firearm by a convicted felon, the admission of more than one prior felony conviction and the particulars of each crime amounts to reversible error. *Id.* at 898. The Florida Supreme Court declined review. *Harris v. State*, 453 So. 2d 1364 (Fla. 1984).

Many years after *Harris* issued, the Florida Supreme Court, relying on *Old Chief v. United States*, 519 U.S. 172 (1997), held that "when a criminal defendant offers to stipulate to the convicted felon element of a charge of possession of firearm by a convicted felon, the State and the trial court should accept that stipulation." *Brown v. State*, 719 So. 2d

---

[1] The opinion does not indicate whether Harris stipulated to his legal status when he was retried.

882, 889 (Fla. 1998). Under such a stipulation, the jury would not be informed of the number or nature of the prior convictions submitted by the state to the court, and the trial court would "instruct the jury that it can consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation." *Id.* The court recognized that there is a "risk of prejudice inherent in establishing that a defendant is a convicted felon," but that in "the absence of a dispute that the prior conviction was indeed a felony, such an admission [of the prior substantive offense] can only prejudice the jury with absolutely no countervailing interest in its support." *Id.* at 888 (alteration in original) (citation omitted). The Florida Supreme Court also agreed with the United States Supreme Court's assertion that the prosecution's need for "evidentiary depth" in satisfying its burden of persuasion has "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* (quoting *Old Chief,* 519 U.S. at 190). The court summed up:

> Offering into evidence anything beyond what is necessary to establish the defendant's legal status as a convicted felon is irrelevant to the current proceeding, has "discounted probative value," and may needlessly risk a conviction on improper grounds. *Old Chief,* 519 U.S. at 191, 117 S. Ct. 644.

> [W]hen presented with an "evidentiary alternative"–a defendant's stipulation of prior convicted felon status–rather than attempting to balance the "twin tendencies" of prior conviction evidence, trial courts should ordinarily accept such a stipulation when requested by a criminal defendant.

*Id.* at 889 (footnote omitted).

Here, Grimes did not stipulate to the legal status element of the offense. If Grimes had offered a stipulation, then pursuant to *Brown,* the state would have been required to accept the stipulation, and the jury would not have been apprised of the actual number or nature of his prior convictions.

With a stipulation lacking, the trial court had to engage in the balancing inquiry of section 90.403—the inquiry that was the focus of *Harris.* The trial court could have limited the state to fewer certified

judgments, and perhaps it could have provided a limiting instruction.[2] But we are not able to say that the trial court abused its discretion.[3]

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] Defense counsel did not request such an instruction.
[3] We do not address whether the trial court should have redacted the certified judgments of any information reflecting the nature of the offenses, as defense counsel failed to make such a request and the issue was not raised on appeal.