# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-2485
_____

RENE ELMER RIVAS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.

December 6, 2023

NORDBY, J.

A jury found Rene Elmer Rivas guilty of (1) sexual battery on a person less than twelve years old and (2) lewd or lascivious molestation. The trial court sentenced him to life imprisonment. Rivas now appeals, and we affirm.

At trial, the victim testified that when she was seven years old, Rivas molested and raped her while she was in his care. On a separate occasion, also when the victim was seven years old, Rivas forced her to perform oral sex on him.

About three and a half years after the incidents, the victim confided in her friend about the sexual abuse. The friend persuaded the victim to tell her mother. The mother contacted the authorities, and Rivas eventually faced trial.

## I.

On appeal, Rivas argues that two testimonial statements, one from the friend and the other from Nurse Practitioner Natasha Woodham, were unfairly prejudicial and vitiated the legitimacy of the entire trial. We disagree.

The first statement that Rivas challenges is the friend's, who testified for the State:

> [The State]: Do you know if [the victim] had told her mom at that point?
> [Friend]: She had told me that she never told anyone.
> [The State]: How did you feel about that?
> [Friend]: It honestly hurt me, because I know that, through my experiences that I've had with multiple men in my youth, it's hard to open up to someone, especially in Hispanic communities, it's very normalized behavior upon men.

Defense counsel did not object. On appeal, Rivas argues that the testimony prejudiced him because it characterized child molestation as normalized behavior among men like Rivas.

Since the court admitted the statement without objection, the issue is unpreserved, and fundamental error analysis applies. *Serrano v. State*, 279 So. 3d 296, 301 (Fla. 1st DCA 2019). Fundamental error is an error so severe that it reaches "into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)).

The underlying premise of Rivas' argument is questionable. He asserts that the friend characterized child molestation as normalized behavior among men like Rivas. But the friend did not say "child molestation" nor name Rivas when she mentioned "normalized behavior." So the record does not support Rivas' contention.

But even if Rivas' assertion is fair, his legal argument still fails. He argues that the friend's testimony was unfairly prejudicial. To amount to unfair prejudice, the testimony must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Brown v. State*, 719 So. 2d 882, 885 (Fla. 1998) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Rivas does not identify the "improper basis" suggested by the testimony, how the testimony may have unduly encouraged a decision on that improper ground, nor any rule of evidence that would preclude the statement's admission.

Even if the testimony were prejudicial, its admission would still fall short of fundamental error. The record does not reveal that Rivas would have been acquitted without this specific testimony. Considering the stronger evidence throughout the trial (such as the victim's direct testimony about what occurred when she was seven years old), the friend's attestation alone does not appear to have sealed Rivas' fate. Without showing that he could not have been convicted but for the alleged error, Rivas fails to demonstrate fundamental error. *Knight*, 286 So. 3d at 151.

## II.

Next, Rivas challenges the statement of Nurse Practitioner Woodham, who conducted a medical examination on the victim. The examination disclosed a tear of the victim's hymen:

> [The State]: So, your opinion is that this injury was occurred from some penetrating force?
> [Woodham]: That's correct.
> [The State]: Is there any significance to the fact that you found this injury in [the victim]?
> [Woodham]: Yes. So, as I said before, I've been at the Children's Advocacy Center since 2015 and I've done a lot of these exams. Most children that I do these genital exams on, have no injuries, even when we know that there's been something happened to them, either video or someone's walked on the act happening. Most of these children, probably over 90 percent of them do not have injuries to their genitalia at all because of the nature of

3

the vagina and how much it can stretch whenever injuries happen to it. So, the fact that she had an injury is significant. Out of all the exams that I've done, I probably only have maybe two handfuls of children that have had a transection to their hymen.

Defense counsel did not object. On appeal, Rivas argues that the testimony was unduly prejudicial because any reasonable juror would develop an affinity for the victim after hearing that "the seven-year-old's vagina was penetrated with such force that her hymen was torn." That, he says, could have "tipped the scales" in the State's favor.

Rivas correctly asserts that the jury may have found this testimony emotionally charging. That is true of nearly any evidence pointing to a child sex crime. Yet juries are generally allowed to consider any evidence that tends to prove a material fact. *See* §§ 90.401–.402, Fla. Stat. (2022). Woodham's testimony about the victim's physical examination supported the State's case. Rivas supplies no authority that would disallow the testimony nor any "improper basis" it could have induced.

### III.

To win on these unpreserved issues, Rivas would have to demonstrate fundamental error. None of Rivas' arguments establish that the trial court committed any error, much less fundamental error. We affirm.

AFFIRMED.

ROBERTS and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Richard M. Bracey III, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.