DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODERICK THOMAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2567

[January 7, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Gillen and James Nutt, Judges; L.T. Case No. 50-2021-CF-001162-AXXX-MB.

Daniel Eisinger, Public Defender, and Ethan Goldberg, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences for felon in actual possession of a firearm or ammunition (count 1), possession of cocaine (count 2), and possession of fentanyl (count 3), as well as the circuit court's order denying his dispositive motion to suppress, following a jury trial on count 1, and his no contest pleas to counts 2 and 3.

The defendant's appeal raises four arguments, none of which have merit. We write to address only the defendant's first argument, contending the circuit court fundamentally erred by accepting his signed stipulation regarding his convicted felon status. The defendant argues the signed stipulation was not a valid waiver of his constitutional right to have the jury prove his convicted felon status beyond a reasonable doubt.

As explained below, we disagree with the defendant's argument, and therefore affirm.

## *Procedural History*

Before trial, the state and the defendant signed a stipulation, stating: "The Jury is instructed that these facts are to be accepted as true: ... On or around [the incident date], [the defendant] was a convicted felon."

Just before jury selection, the parties informed the circuit court of the signed stipulation regarding the defendant being a convicted felon. After the jury was selected, but before the trial, defense counsel reiterated: "We're only stipulating to [the defendant] being a convicted felon."

At the end of the state's case, the state asked the circuit court to instruct the jury regarding the signed stipulation. Defense counsel stated he had no objection. The circuit court read the standard stipulation instruction and the signed stipulation to the jury.

Later in the trial, defense counsel, while moving for a judgment of acquittal on the felon-in-possession count, conceded the state had proven the defendant was a convicted felon, and argued the state had not proven the defendant had actually possessed the subject firearm. The circuit court denied the motion. The jury later convicted the defendant of the felon-in-possession count.

At sentencing, the state presented certified records of the defendant's six prior felony convictions—including two prior felon-in-possession convictions.

## *This Appeal*

The defendant's appeal of his felon-in-possession conviction and sentence argues:

> In order to make a valid stipulation as to his status as a convicted felon, [the defendant] had to make a knowing, voluntary and intelligent waiver of his right to have the State prove that element of the offense beyond a reasonable doubt. The circuit court did not colloquy [the defendant] on this right, and the State did not otherwise prove that [the defendant] was a convicted felon. The failure to prove [the defendant's] status as a convicted felon constitutes fundamental error.

As the defendant's argument acknowledges, because he did not raise this argument to the circuit court, we review de novo for fundamental error. *State v. Smith*, 241 So. 3d 53, 55 (Fla. 2018).

The defendant's argument primarily relies on the Florida Supreme Court's statements in *Brown v. State*, 719 So. 2d 882 (Fla. 1998):

> [W]hen a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, ***the [trial] [c]ourt <u>must</u> accept that stipulation, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction(s) and acceding to the stipulation.*** The State should also be allowed to place into evidence, for record purposes only, the actual judgment(s) and sentence(s) of the previous conviction(s) used to substantiate the prior convicted felon element of the charge. ...

> ....

> We also agree with the State that, out of the jury's presence and after consultation with counsel, ***the defendant should be required to personally acknowledge the stipulation and his voluntary waiver of his right to have the State otherwise prove the convicted felony status element beyond a reasonable doubt***.

*Id.* at 884, 889 (emphases added).

Here, we recognize no "on-the-record colloquy" with the defendant occurred. However, the record contains the defendant's "personally acknowledge[d]" signed stipulation. Thus, no fundamental error occurred. As the state's answer brief submits, and which we adopt:

> [The defendant] cannot raise error with the contents of the document jointly presented below[,] when he had the opportunity to either change the [document's] language or refrain from signing [the document].

> The fact that [the defendant] signed [the stipulation] ... that he was a [convicted] felon ... shows that [the defendant] was aware of the stipulation and ... its contents.

> It was to [the defendant's] benefit to present the stipulation and minimize the impact of his [convicted] felon status with the jury. As is apparent from the record, the State would have had no difficulty establishing [the defendant] was a felon[,] and thus[,] alerting the jury to the fact that [the defendant]

3

had been convicted of two previous felon-in-possession offenses. [The defendant] cannot use this "gotcha" tactic after knowingly signing a stipulation to being a felon at the time of the offense (when this is his third felon-in-possession conviction) to reverse his fairly obtained conviction.

....

The contents of the stipulation were exactly as required by *Brown*: "a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon." 719 So. 2d at 889. ...

The defendant also relies on the Third District's recent opinions in *Presha v. State*, 2025 WL 97458 (Fla. 3d DCA Jan. 15, 2025), *reh'g denied* (Feb. 4, 2025), and *Harris v. State*, 403 So. 3d 354, 355 (Fla. 3d DCA 2025). Both cases are distinguishable.

In *Presha*, the defendant went to trial on a charge of being a felon in possession of a firearm. 2025 WL 97458 at *2. Outside the jury's presence, defense counsel stipulated to the convicted felon element, but the circuit court did not colloquy the defendant on the stipulation. *Id.* During the trial, the state did not enter the defendant's prior felony conviction or a stipulation into evidence, nor did the state ask the circuit court to read a stipulation to the jury. *Id.* at *3. Before closing arguments, the state requested a sidebar where it told the circuit court, "I just want to clarify for the jury that it was stipulated to that he's a convicted felon. We don't have to prove that element." *Id.* Defense counsel did not object. *Id.* The state then argued in closing that the parties had stipulated to the defendant's convicted felon status. *Id.* The jury found the defendant guilty. *Id.* at *4.

On appeal, the Third District reversed and remanded for entry of judgment of acquittal. *Id.* at *6. Our sister court pertinently reasoned: "***In a scenario such as in the case before us***, the defendant must personally acknowledge the stipulation and his voluntary waiver." *Id.* at *5 (emphases added).

In *Harris*, the defendant also faced a felon-in-possession charge. 403 So. 3d at 355. Defense counsel informed the circuit court that the defendant was stipulating to being a convicted felon, but the circuit court did not colloquy the defendant, and the state did not enter a stipulation or prior felony conviction into evidence. *Id.* After being convicted, the

defendant appealed. *Id.* The Third District, relying on *Brown* and *Presha*, reversed and remanded for entry of judgment of acquittal. *Id.* at 356.

Here, the defendant's signed stipulation—his recorded personal acknowledgement of waiving his right to have the state prove his convicted felon status—renders this case distinguishable from *Presha* and *Harris.* In those cases, unlike here, no such recorded personal acknowledgement existed, whether orally or in writing.

Based on the foregoing, we affirm the defendant's conviction and sentence for being a felon in actual possession of a firearm. As referenced above, we also affirm the defendant's other convictions and sentences without further discussion.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely-filed motion for rehearing.***

5