HARRIS, J.
The issue in this case is whether, under Brown v. State, 719 So.2d 882 (Fla.1998), the court erred in not accepting the defendant’s stipulation that he was a convicted felon rather than revealing his prior conviction to the jury.
First, it does not appear the issue is preserved. Although defense counsel indicated a willingness to stipulate, a stipulation was not proffered. Nor was there any indication that the defendant personally agreed to the stipulation. Finally, there were no objections made when the certified copies of the prior convictions were received in evidence and shown to the jury-
Further, even if error, the error was harmless in this case. Brown is premised on the belief that unfair prejudice might result if the jury knows the details of the defendant’s previous record. Here, Sanders, along with an accomplice, while being chased from the scene of a bank robbery, crashed his vehicle into the wall of a supermarket, jumped from the vehicle with hundred dollar bills all around him, and left behind a firearm and dye pack on the passenger floorboard of his vehicle. Sanders was identified by the teller as being the one who carried the firearm. Based on this evidence, we find that the introduction of Sanders’ prior record, beyond a reasonable doubt, did not affect the jury verdict in this case.
AFFIRMED.
COBB and THOMPSON, JJ„ concur.