PER CURIAM.
Kenneth Whitfield appeals his conviction for possession of a firearm by a convicted felon. He also appeals his habitual offender sentence arising out of a plea on two other counts of the same information.[1] We affirm the habitual offender sentence on those convictions. We reverse the conviction for felon in possession and remand for a new trial on that charge only.
During the jury trial, the State sought to introduce a certified copy of one of Wfifitfield’s prior felony convictions in order to establish his legal status as a convicted felon. Prior to trial, Whitfield’s attorney had offered to stipulate to that status and, during trial, objected when the certified copy reflecting the prior conviction was admitted into evidence. While Whitfield’s case was pending on appeal, the Florida Supreme Court ruled that when a criminal defendant offers to stipulate to the convicted felon element of a charge of possession of a firearm by a convicted felon, the trial court must accept that stipulation. See Brown v. State, 719 So.2d 882 (Fla.1998). We conclude that a trial court’s failure to accept such a stipulation is subject to a harmless error analysis; however, this court cannot determine that the trial court’s refusal to accept the stipulation in this case was harmless.[2] See Pierce v. State, 734 So.2d 399 (Fla.1999). Thus, WTiitfield is entitled to a new trial on *573 the charge of felon in possession of a firearm.
Affirmed in part, reversed in part and remanded for new trial in accordance with tMs opinion.
BLUE, A.C.J., and FULMER and SALCINES, JJ., Concur.

. Whitfield maintains that the habitual offender sentence violated his written plea agreement as well as the trial court’s oral pronouncement. To the contrary, the record establishes that Whitfield was clearly instructed, by the trial court, that if the sentencing judge imposed a fifteen-year sentence as a habitual offender, the express terms of the plea agreement would be satisfied. Whitfield was sentenced to fifteen years’ incarceration as a habitual offender. This issue is completely meritless.

. At first blush, Sanders v. State, 734 So.2d 520 (Fla. 5th DCA 1999), appears to suggest *573 that the error in Whitfield’s case was likely harmless because, as in Sanders, Whitfield was positively identified by at least one eyewitness. In Sanders, however, the jury apparently had to decide whether the defendant or an accomplice possessed the gun giving rise to the charge of felon in possession of a firearm. Whitfield's defense rested on eyewitness misidentification. As such, the error in refusing to stipulate to Whitfield's felony status cannot be deemed harmless as applied to the facts in the present case.